Matter of the Estate of JAMES CASSIDY, Deceased.

(Surrogate's Court, New York County, November, 1919.)

Executors and administrators — when application to revoke letters of administration denied — evidence.

> Where the evidence shows that at the death of decedent a common-law marriage was subsisting between him and the administratrix of his estate, who had two children by him, an application by his aunt to revoke the letters of administration will be denied.

APPLICATION to revoke letters of administration.

Cornelius J. Earley, for petitioner.

James D. Merriman, for administratrix.

FOWLER, S.   This is an application by an aunt to revoke letters of administration, issued to the widow of the intestate, on the ground that she is not his widow.   The allegations in the petition were denied by the administratrix, and a hearing took place before me.   The widow claims to be such, not by reason of any ceremonial marriage, but under the common law. The testimony as to whether or not she was known to neighbors and friends as the wife of the intestate

Misc.] Surrogate's Court, New York County, November, 1919.

during his lifetime is somewhat conflicting. Several witnesses were produced for the petitioner and they swore that they never knew or regarded administratrix as Mrs. Cassidy. On the other hand the widow produced witnesses who swore that they knew her as the wife of the intestate. The doctor who attended the intestate in his last illness testified that the intestate held out to him as his wife the administratrix in this case, expressing his solicitude for her and the two children. Cassidy regretted the work that she had to do in caring for him in his sickness and expressed anxiety concerning what she was going to do after he was dead. He died of influenza as did also one of the children. Affirmative evidence is of higher weight than negative testimony.

By intestate, administratrix had two children. It is shown by two witnesses that she took good care of these children, and it was believed by these witnesses that she was the wife of the father of the two children. In opposition to the claim that there was a valid common-law marriage it has been proved, and it is not denied by the woman, that she was married before in 1892 to one McGuire; that she had obtained no divorce from McGuire, but had left him in 1894, and has not seen him since. At that time McGuire was in Australia, and he stated to administratrix that he was going into the interior of Australia and that was the last she had ever seen or heard of him. Believing McGuire to be dead, and on the strength of that belief, she entered on the common-law marriage arrangement with the intestate. Under the law (Laws of 1909, chap. 19, §§ 6, 7), she would have a perfect right to enter into a marriage ceremony after an absence of McGuire, unheard of for a period of five years. After seven years McGuire would be presumed to be dead, and

Surrogate's Court, New York County, November, 1919.   [Vol. 109.

bigamy could not be predicated of any subsequent marriage of the administratrix. No proof has been submitted in this case as to whether or not McGuire is dead, but administratrix has not seen him or heard of him since 1894. She had no children of the marriage with McGuire.

It might be difficult to determine the issue of this common-law marriage with Cassidy, but the administratrix had two children while living with intestate, one of whom is dead; the other, a boy, is living. If the marriage is not sustained, the boy will be made illegitimate. The presumptions favor the validity of the last marriage and legitimacy, *omnia præsumuntur pro matrimonio*.

The only object the aunt has in attempting to revoke the letters issued to the alleged widow, on the ground that she was not married to intestate, is to secure administration of the little estate. The estate amounts, at the outside, after the payment of debts, only to $643.08. To my mind it would be improper and unjust to illegitimate the boy in a proceeding where so little is involved. He has reasonable expectations of a long life and should not be harmed by the stigma of illegitimacy if it can be avoided. I will, for all the reasons set forth, hold that there was a valid common-law marriage existing between respondent and the intestate, and I deny the application to revoke the letters of administration.

Application denied.