**MADISON v. STECKLEBERG, Adm'r, et al.**

No. 14969—Opinion Filed April 1, 1924.

(Syllabus.)

1. **Marriage—Bigamous Marriage—Unlawful Cohabitation.**

An attempted marriage between a man and woman who has a living undivorced husband is bigamous and a continued cohabitation is unlawful.

2. **Marriage—Presumption of Legality—Burden of Proof.**

The burden is upon the person who asserts the illegality of a marriage to prove such illegality, and where a second marriage is shown as a fact, a strong presumption exists in favor of its legality, which is not overcome by mere proof of a prior marriage and that the wife had not obtained a divorce before her second marriage. The party attacking such second marriage has the burden of showing that neither party to the first marriage had obtained a divorce

3. **Same—Presumption of Removal of Obstacles to Second Marriage.**

The presumption of removal of prior obstacles in support of a marriage has the effect of placing the burden of proof on the party attacking the marriage to prove that neither party to the first marriage had procured a divorce, but, where evidence is introduced on either side tending to prove that neither party to the prior marriage had procured a divorce, the presumption disappears and the question then becomes one of fact to be decided in the light of all the circumstances and the reasonable inferences from them.

4. **Same—Evidence—Shifting Burden of Proof.**

Where a marriage is attacked, because one of the parties thereto had a living undivorced spouse at the time of such marriage, the burden of proof is upon the party attacking the subsequent marriage to prove that neither of the parties to the prior marriage had been divorced, but when one of the parties to the prior marriage testifies that she had never procured a divorce and that her former husband had never sued her for a divorce, and where it appears that both parties to the prior marriage had at all times been residents of the state of Oklahoma, such testimony is sufficient to overcome the presumption and to shift the burden of proof to the other party to introduce evidence showing that a divorce had been granted to one of the parties to the former marriage, and, in the absence of such proof, the finding of the trial court sustaining the second marriage is clearly against the weight of the evidence.

Error from Superior Court, Okmulgee County; J. H. Swan, Judge.

Action by Wm. Steckleberg, administrator, and another, against Cokey Madison. From an adverse judgment, defendant brings error. Reversed.

E. T. Noble and S. L. O'Bannon, for plaintiff in error.

R. C. Allen, S. W. Rose, and Robert R. Smith, for defendants in error.

COCHRAN, J. This action was instituted by Wm. Steckleberg, administrator of the estate of Jesse Davis, deceased, and Leah Stidham against Cokey Madison, for the purpose of quieting title to certain land situated in Okmulgee county, Okla., being the allotment of Jesse Davis, a Creek Indian. Jesse Davis died intestate April 4, 1922, leaving surviving a child, Cokey Madison, nee Davis. Leah Stidham claimed an interest in the land of the deceased, as a niece. Milea Tiger filed an intervening petition, claiming an interest in the land as the surviving wife of Jesse Davis. The trial court found that Milea Tiger was the surviving wife of Jesse Davis and Cokey Madison was his surviving child, and each was entitled to a portion of said lands, and rendered judgment awarding to each an equal share of the estate. From the judgment so rendered, Cokey Madison has appealed.

It is conceded by the attorneys for Milea Tiger that there was never a ceremonial marriage between Jesse Davis and Milea Tiger, but it is contended that they were married in accordance with the common law. The plaintiff in error contends that the facts are not sufficient to show a common-law marriage between Jesse Davis and Milea Tiger, and further contends that the parties were not capable of entering into a valid marriage, because, at that time, Milea Tiger had a living undivorced husband. The testimony is sufficient to show a valid common-law marriage between the parties, unless said parties were incapable of entering into the marriage contract by reason of Milea Tiger having a living undivorced husband. This alleged common-law marriage took place in 1917, and is controlled by the rule announced in Webster v. Webster, case No. 11882 (not yet officially reported), [decided September 25, 1923, pending on rehearing], in which it is said:

"An attempted marriage between a man and woman who has a living undivorced husband is bigamous, and a continued cohabitation is unlawful."

The testimony discloses that Milea Tiger was first married to Taylor Taylor a number of years ago, the exact time not being fixed and thereafter she was married to Ledke Tiger. The exact date of the last marriage is not fixed, but it was consummated about ten years ago. Both Taylor

Taylor and Ledke Tiger are still living. The defendant in error relies upon the rule announced in Jones v. Jones, 63 Okla. 208, 164 Pac. 463, as follows:

"The burden is upon the person who asserts the illegality of a marriage to prove such illegality, and where a second marriage is shown as a fact, a strong presumption exists in favor of its legality, which is not overcome by mere proof of a prior marriage and that the wife had not obtained a divorce before her second marriage. The party attacking such second marriage has the burden of showing that neither party to the first marriage had obtained a divorce."

To the same effect are the following cases: Chancey v. Whinnery, 47 Okla. 272, 147 Pac. 1036; Hale v. Hale, 40 Okla. 101, 135 Pac. 1143; Cox v. Cox, 95 Okla. 14, 217 Pac. 493; Brokeshoulder v. Brokeshoulder, 84 Okla. 249, 204 Pac. 284.

It is contended by the defendant in error that, proof of the marriage between Jesse Davis and Milea Tiger having been made, it is presumed that the obstacle of the prior marriage had been removed, and that the testimony introduced in this case was not sufficient to overcome this presumption. We have no intention of departing from the rule announced in the above cases, as to the existence of this presumption. The effect of this presumption is to place the burden of proof upon the opposite side to introduce some evidence in regard to the fact of the removal of the obstacle. When there is competent evidence introduced tending to prove that the obstacle had not been removed, the presumption disappears, and it then becomes necessary for the court or jury to determine the question in accordance with the facts and the reasonable inferences to be drawn therefrom. It is not sufficient to overcome the burden of proof imposed upon the party asserting the invalidity of the subsequent marriage to prove that one of the parties to the former marriage had not obtained a divorce. It is necessary to introduce evidence tending to show that neither party to the first marriage had obtained a divorce, Jones v. Jones, supra; Chancey v. Whinnery, supra. When evidence has been introduced to prove that neither party to the first marriage has obtained a divorce, the presumption entirely disappears and it is then necessary for the party in whose favor the presumption was indulged to meet the facts offered in evidence by other facts. In Page v. Roddie, 92 Okla. 238, 218 Pac. 1092, it was said:

"The presumption of removal of prior obstacles in support of a marriage does not prevail where it is attacked and evidence introduced on either side, but the question then becomes one of fact to be decided in the light of all the circumstances and the reasonable inference from them."

In Brokeshoulder v. Brokeshoulder, 84 Okla. 249, 204 Pac. 284, it was said:

"The presumption arising in favor of the validity of a second marriage is not a conclusive presumption, but it is what is known as a rebuttable presumption, and the one contending against the legality of the second marriage is not required to make plenary proof of a negative averment. It is enough that he introduced such evidence as, in the absence of all counter testimony, will afford reasonable grounds for presuming that the allegation is true, and when it is done, the onus probandi will be thrown on his adversary."

As to the marriage relation between Milea Tiger and Taylor Taylor and the question of divorce between them, it is impossible to tell the date of their separation, but in all probability the separation took place under the Creek law. As the question of divorce between members of the Creek Nation, in accordance with the Creek custom, is involved in other cases pending before this court, which have not been finally determined, it may be conceded for the purposes of this case that Milea Tiger was legally divorced from Taylor Taylor, without passing upon the requisites of a divorce at such time. It then becomes necessary to determine the sufficiency of the evidence to overcome the presumption that Milea Tiger and Ledke Tiger had been divorced prior to the marriage of Jesse Davis to Milea Tiger. Milea Tiger testified that she was married to Ledke Tiger about ten years ago and that she had never been divorced from him. She also testified that Ledke Tiger had never brought suit for divorce and that Ledke Tiger was still living and residing at Okemah, in this state. Both parties have at all times been residents of the state of Oklahoma. This evidence is sufficient to overcome the legal presumption of the removal of the obstacle to the second marriage and rendered it necessary for this question to be determined from the facts unaided by the presumption. This case is to be distinguished from cases holding that the evidence was insufficient, where one of the parties to the prior marriage testified that she had not obtained a divorce and had no knowledge of the other party having obtained a divorce, and where such other party had resided, during a portion of the time of the separation, in another jurisdiction, where a divorce could have been obtained by constructive service. In the instant case, a divorce could have been obtained by either party only in accordance with the laws of the state of Oklahoma, and,

as both parties resided in this state, the divorce could have been obtained only upon actual service of summons issued in the divorce case. Both parties would have been aware of the divorce decree had one been granted. It is our opinion, therefore, that that portion of the judgment of the trial court holding that Milea Tiger was the legal wife of Jesse Davis and entitled to inherit an interest in his estate was clearly against the weight of the evidence. The plaintiff in error requests that judgment be rendered by this court, but we decline to do this, for the reason that upon a new trial Milea Tiger should have an opportunity to introduce evidence showing that Ledke Tiger had obtained a divorce from her, prior to her marriage to Jesse Davis, if in fact such divorce was ever granted. The plaintiff in error introduced sufficient evidence to establish that no such divorce had ever been granted, in the absence of other proof, and fixed the burden of proof on Milea Tiger to prove a divorce had been granted. The judgment of the trial court is reversed, and the cause remanded with directions to grant a new trial.

JOHNSON, C. J., and NICHOLSON, HARRISON, and MASON. JJ., concur.