(No. 4427. May 19, 1927.)

In the Matter of Ascertaining and Declaring the Rights of the Heirs and Persons Who have a Claim or Interest in the Estate of JOHN TORMEY, Deceased, and of Determining to Whom Distribution Thereof Should be Made.

ANNIE CRANE RILEY and DENNIS CRANE, Respondents, v. FRANK J. KLINE, EDWARD KLINE, LILLIAN A. KLINE, JOSEPH J. KLINE, LOUISE R. KLINE and RENA SOUTHMAYD, Appellants.

[256 Pac. 535.]

Appeal and Error—Conflicting Evidence—Depositions and Documentary Exhibits — Rule of Affirmance Inapplicable — Marriage — Validity of Second Marriage — Presumption not Overcome.

1. Where evidence consists wholly of depositions and documentary exhibits and supreme court has before it exactly same record as was before district court, with opportunity to judge

of truthfulness of witnesses and weight to be given evidence, rule requiring affirmance of decision based on conflicting evidence does not apply.

2. Issue of legitimacy *held* sufficiently raised by denials of petition alleging relationship to deceased and right to share in estate.

3. Presumption of validity of second marriage prevails where death may have removed one of former spouses, or where there may have been a divorce.

4. Presumption of validity of second marriage *held* not overcome, in absence of clear and satisfactory evidence that divorce had not been obtained prior to such marriage.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. Ralph W. Adair, Judge.

Action to determine heirship. Judgment for respondents. *Affirmed.*

John H. Padgham and Richards & Haga, for Appellants.

Where a case has been tried entirely upon depositions and documentary evidence and the trial court has not seen and heard the witnesses, the appellate court is in as favorable a position to judge the truthfulness of the witnesses and the weight of the evidence as the trial judge, and the rule requiring the affirmance of a decision based upon conflicting evidence does not apply; the appellate court will examine the evidence anew and make its own determinations according to the preponderance of such evidence. (*Roby v. Roby,* 10 Ida. 139, 77 Pac. 213; *Village of Sandpoint v. Doyle,* 14 Ida. 749, 95 Pac. 945, 17 L. R. A., N. S., 497; *Spofford v. Spofford,* 18 Ida. 115, 108 Pac. 1054; *Jackson v. Cowan,* 33 Ida. 525, 196 Pac. 216; *McKenzie v. Miller,*

Publisher's Note.

3. See 18 R. C. L. 416.
4. See 18 R. C. L. 420.

See Appeal and Error, 4 C. J., sec. 2856, p. 887, n. 57 New.
Bastards, 7 C. J., sec. 110, p. 987, n. 47 New.
Marriage, 38 C. J., sec. 104, p. 1328, n. 86, p. 1329, n. 88, 89, p. 1330, n. 90.

35 Ida. 354, 206 Pac. 505; *In re Rexburg Investment Co.,* 36 Ida. 552, 211 Pac. 552.)

Where a valid marriage is admitted and no divorce of the parties thereto is shown and. it is claimed that one of the parties to this marriage entered into a second marriage during the lifetime of the other party to the first marriage, and the existence of such second marriage is ·itself a disputed issue in the case and is not established, there can be no presumption in favor of the second marriage or in favor of a divorce terminating the first marriage, for presumptions must be based upon established and known facts and not upon presumptions. (10 R. C. L., "Evidence," sec. 13, p. 870; 1 Jones, Comm. on Evidence, 1913 ed., sec. 104; *United States v. Ross,* 92 U. S. 281, 23 L. ed. 707; Starkie on Evidence, p. 80; Lawson, Law of Presumptive Evidence, ed. 1899, p. 652; *Atchison, T. & S. F. R. v. Baumgartner,* 74 Kan. 148, 10 Ann. Cas. 1094, 85 Pac. 822; *Smith v. Pennsylvania Ry. Co.,* 239 Fed. 103, 151 C. C. A. 277; *Huff v. Huff,* 20 Ida. 450, 118 Pac. 1080.)

There is no unbending presumption in favor of a second marriage or of the innocence of the parties thereto and each case must rest upon its own attending facts and circumstances, and in case there is a conflict in presumptions, the one should yield which has the least probability to sustain it. (18 R. C. L., "Evidence," sec. 44, p. 419; *Turner v. Williams,* 202 Mass. 500, 132 Am. St. 511, 89 N. E. 110, 24 L. R. A., N. S., 1199; *Brokeshoulder v. Brokeshoulder,* 84 Okl. 249, 34 A. L. R. 441, 204 Pac. 284; *Schmisseur v. Beatrie,* 147 Ill. 210, 35 N. E. 525; *Sampson v. Sampson,* 223 Mass. 451, 112 N. E. 84; *Chandler v. Price,* 217 Mass. 451, 105 N. E. 1076; *Fisher v. Drew,* 247 Mass. 178, 89 Am. St., note, pp. 198, 206, 30 A. L. R. 798, 141 N. E. 875, 2 Schouler, Marriage, Divorce, Separation and Domestic Relations, ed. 1921, sec. 1257; *Lynch v. Knoop,* 118 La. 611, 118 Am. St. 391, 10 Ann. Cas. 807, 43 So. 252, 8 L. R. A., N. S., 480.)

Where a marriage is set up as having been performed at a particular time or place or by a particular ceremony and

the evidence fails to support the assertion, the party assert-
ing the marriage will not be allowed to rely on cohabitation
and reputation to establish it. (*Bowman v. Little,* 101 Md.
273, 61 Atl, 223, 657, 1084; 38 C. J. 1325; 26 Cyc. 877.)

L. E. Glennon, for Respondents.

"The presumption in favor of marriage and the legiti-
macy of the children is one of the strongest known to the
law, and in favor of a child asserting its legitimacy this
presumption applies with peculiar force." (*Teter v. Teter,*
101 Ind. 129, 51 Am. Rep. 742; *Franklin v. Lee,* 30 Ind.
App. 31, 62 N. E. 78; *Ingersol v. McWillie,* 9 Tex. Civ. App.
543, 30 S. W. 56; *Shuman v. Shuman,* 83 Wis. 250, 53 N. W.
455; *Godfrey v. Rowland,* 16 Hawaii, 377; *In re Matthews,*
153 N. Y. 443, 47 N. E. 901.)

In the case of conflicting presumptions that in favor of
legitimacy will prevail. (*Vreeland v. Vreeland,* 78 N. J.
Eq. 256, 79 Atl. 336, 34 L. R. A., N. S., 940; *Pickens'
Estate,* 163 Pa. 14, 29 Atl. 875, 25 L. R. A. 477.)

Where there is "a mutual assumption of marital rights,
duties or obligations," in the words of C. S., sec. 4591, and
the parties hold themselves out to the world as husband
and wife and cohabit together as such, they are in fact and
in law husband and wife and such conduct constitutes a
perfectly valid marriage. (*Hilton v. Stewart,* 15 Ida. 150,
128 Am. St. 48, 96 Pac. 579; *Huff v. Huff,* 20 Ida. 450,
118 Pac. 1080; *Smith v. Smith,* 32 Ida. 478, 185 Pac. 67;
*Pittinger v. Pittinger,* 28 Colo. 308, 89 Am. St. 193, 64
Pac. 195; *Megginson v. Megginson,* 21 Or. 387, 28 Pac. 388,
14 L. R. A. 540; *Klein v. Laudman,* 29 Mo. 259; *People v.
Shaw,* L. R. A. 1915E, 87, note; *McKibben v. McKibben,* 139
Cal. 448, 73 Pac. 143.)

"There is no presumption that one at the time of his
second marriage has a legal wife living." (*Lampkin v.
Travellers Ins. Co.,* 11 Colo. App. 249, 52 Pac. 1040.)

"A second marriage during the life of the other spouse
creates a presumption of a preceding valid divorce."
(*Lyon v. Lash,* 79 Kan. 342, 99 Pac. 598; *Shepherd v.*

*Carter,* 86 Kan. 125, 119 Pac. 533, 38 L. R. A., N. S., 568; *In re Rash's Estate,* 21 Mont. 170, 69 Am. St. 649, 53 Pac. 312.)

"The presumption as to the validity of a person's marriage during the lifetime of a former spouse is not overcome by proof that the party to both marriages has not obtained a divorce from the former spouse; and it must be proved that neither party to the first marriage has obtained a divorce." (*Chancey v. Whinnery,* 47 Okl. 272, 147 Pac. 1036; C. S., sec. 4597; *In re Harrington's Estate,* 140 Cal. 244, 98 Am. St. 51, 73 Pac. 1000.)

GIVENS, J.—Appellants as the sole surviving next of kin, filed their petition in the probate court for distribution of the estate of John Tormey, deceased. Thereafter Annie Crane Riley and Dennis Crane, respondents, commenced an action in the probate court alleging that they were half-sister and half-brother, respectively, of the deceased and therefore each entitled to a one-third interest in the residue of his estate. The probate court decided in favor of appellants. From such order determining heirship respondents appealed to the district court and the cause was tried upon the depositions, pleadings and files used in the probate court and some further depositions, the district court finding that respondents were half-sister and half-brother of deceased, and his heirs at law, and entitled to receive one-third, respectively, of the residue of the estate; from the judgment entered in accordance with such findings this appeal is taken.

[1] The evidence upon which this case was tried consists wholly of depositions of the various witnesses and documentary exhibits and this court has before it exactly the same record as was before the district court, and has the same opportunity to judge of the truthfulness of the witnesses and the weight to be given all of the evidence as the trial court had; thus the rule requiring the affirmance of a decision based upon conflicting evidence does not apply. (*Roby v. Roby,* 10 Ida. 139, 77 Pac. 213; *McKenzie v. Miller,* 35 Ida. 354, 206 Pac. 505.)

[2]   The legitimacy of respondents is decisive of the case, which issue was sufficiently raised by the denials of the petition.   (Sutherland's Code Pleading, vol. 1, sec. 457.)

It is conceded that Michael Tormey and Mary Brennan Tormey were lawfully husband and wife and the father and mother of deceased, and Mary Kline, mother of appellants.   Respondents are the fruit of a union between Mary Brennan Tormey and Dennis Crane following either a common law or a ceremonial marriage celebrated in Hartford, Connecticut, in 1852.   (*Budington v. Munson,* 33 Conn. 481; *Hammick v. Bronson,* 5 Day (Conn.), 290; *Travers v. Reinhardt,* 205 U. S. 423, 27 Sup. Ct. 563, 51 L. ed. 865; *In re Fitzgibbon's Estate,* 162 Mich. 416, 139 Am. St. 570, 127 N. W. 313; *Walton v. Walton* (Tex. Com. App.), 228 S. W. 921; Keezer, Marriage and Divorce, 2d ed., sec. 136.)

There is evidence to the effect that some time prior to 1852 Michael Tormey and Mary Brennan Tormey with their children, the deceased and his sister, were living in Milford, Massachusetts, and there is evidence in conflict therewith that Mary Brennan Tormey's husband died in Ireland before she came to this country.   Evidently a Michael Tormey and a Mary Tormey must have been living together at Milford the latter part of 1851 or the early part of 1852, because a record of that town shows the birth, June 4, 1852, of Michael Tormey, son of Michael Tormey and Mary Tormey, and death, April 24, 1853, of Michael Tormey, son of Michael Tormey, name of mother not given.   In any event, at some time, the exact date of which the evidence does not disclose, Michael Tormey left his wife Mary Brennan Tormey and was later heard of in Richland Center, Wisconsin, where he was living after the time Mary Brennan Tormey and Dennis Crane were living together as husband and wife.   The appellants showed that no divorce was obtained by Mary Brennan Tormey or Michael Tormey in Milford, Massachusetts, or in Connecticut.   There was evidence, however, that Michael Tormey after leaving his wife was in Tennessee and no evidence was introduced showing that no divorce was obtained there.

In cases similar to this the courts have held that where there is a first marriage the validity of which is conceded and a second marriage, either common law or ceremonial, with issue thereof, there arises a presumption that the second marriage is legal and that any impediment theretofore existing had been removed prior to the second marriage. (*Hamlin v. Grogan,* 257 Fed. 59; *In re Cassidy's Estate,* 109 Misc. Rep. 202, 178 N. Y. Supp. 366; *Ward v. Ward,* 24 Ga. App. 695, 102 S. E. 35; notes to *Howard v. Kelley,* Ann. Cas. 1918E, 1230, at 1234; *Maier v. Brock,* 17 Ann. Cas. 673; *Pittinger v. Pittinger,* 89 Am. St. 193; *Smith v. Smith,* 32 Ida. 478, 185 Pac. 67; *Wiley v. Wiley,* 75 Ind. App. 456, 123 N. E. 252; *Farr v. Farr,* 189 Iowa, 1005, 181 N. W. 268; *Clark v. Clark,* 44 Nev. 44, 189 Pac. 676, 194 Pac. 96; *Kinney v. Tri State Tel. Co.* (Tex. Com. App.), 222 S. W. 227; *Roxbury v. Bridgewater,* 85 Conn. 196, 82 Atl. 193; *Madison v. Steckleberg,* 101 Okl. 237, 224 Pac. 961; *Thomas v. James,* 69 Okl. 285, 171 Pac. 855; *Jones v. Jones,* 63 Okl. 208, 164 Pac. 463, L. R. A. 1917E, 921; *Lewis v. Lewis,* 60 Okl. 60, 158 Pac. 368; *Haile v. Haile,* 40 Okl. 101, 135 Pac. 1143; *Coal Run Coal Co. v. Jones, Admx.,* 127 Ill. 379, 8 N. E. 865, 20 N. E. 89; *Gamble v. Rucker,* 124 Tenn. 415, 137 S. W. 499; *Nixon v. Wicheta Land & Cattle Co.,* 84 Tex. 408, 19 S. W. 561; *Hull v. Rawls,* 27 Miss. 471; *Wilcox v. Wilcox,* 171 Cal. 770, 155 Pac. 95; *Cox v. Cox,* 95 Okl. 14, 34 A. L. R. 432, 217 Pac. 493; *Brokeshoulder v. Brokeshoulder,* 84 Okl. 249, 34 A. L. R. 441, 204 Pac. 284; *Adams v. Wm. Cameron & Co.* (Tex. Civ. App.), 161 S. W. 417; *In re Lando's Estate,* 112 Minn. 257, 127 N. W. 1125, 30 L. R. A., N. S., 940; *Lynch v. Knoop,* 118 La. 611, 118 Am. St. 391, 43 So. 252, 8 L. R. A. N. S., 480; *Goset v. Goset,* 112 Ark. 47, 64 S. W. 759, L. R. A. 1916C, 707; *Suter v. Suter,* 68 W. Va. 690, Ann. Cas. 1912B, 405, 70 S. E. 705; *Winter v. Dibble,* 251 Ill. 200, 95 N. E. 1093; *Reifschneider v. Reifschneider,* 241 Ill. 92, 89 N. E. 255; *Schaffer v. Richardson's Estate,* 125 Md. 88, 93 Atl. 391, L. R. A. 1915E, 186; *Chancery v. Whinnery,* 47 Okl. 272, 147 Pac. 1036; *Estes v. Merrill,* 121 Ark. 361, 181 S. W. 136.)

[3, 4]  The above presumption prevails where either death may have removed one of the former spouses or there may have been a divorce.  In this case it is shown that the former husband was alive at the time of the second marriage but appellants did not show by clear, cogent and satisfactory evidence that no divorce had been obtained prior to the second marriage; therefore the presumption of the validity of the second marriage is not overcome and the judgment of the trial court is ordered affirmed and costs awarded to respondents.

Budge and T. Bailey Lee, JJ., concur.

Taylor, J., concurs in the conclusion reached.