**PUNTKA v. PUNTKA.**

No. 25312.   Nov. 5, 1935.

Billingsley & Kennerly, for defendant in error.

Tom Greer, for plaintiff in error.

PER CURIAM. The parties will be referred to as they appear in the lower court.

This cause was begun in the district court of Seminole county, Okla., on the 18th day of May, 1933, by plaintiff filing her verified petition and having summons issued thereon. Plaintiff alleged that she and defendant were legally married on the 14th day of November, 1932; that no children were born, but that she was pregnant by defendant at the time of filing the suit. Plaintiff alleged adultery as her grounds for divorce, and asked for a division of the property. Defendant answering denied that he and plaintiff were ever married or that they had ever lived together or cohabited as husband and wife.

On September 11th the case was tried to the court. The court found that the parties had been married as alleged in the petition and at the time of the commencement of this action were husband and wife, and that the parties had born to them a child and that the defendant was legally bound to support said child. The court gave plaintiff $1,500 for the care and support of the child and granted plaintiff a divorce as prayed for.

On cross-examination plaintiff testified that she and one Wilson Davis were married some time during the year 1930, and that she had a baby by him; that she never got a divorce from him; that she never had any kind of lawsuit to dissolve or set aside the marriage. The facts further showed that Wilson Davis was a resident of Seminole county, and that he and plaintiff herein had at all times been residents of the state of Oklahoma. It was admitted that there never was a divorce filed against Davis in Seminole county.

Defendant contended that since plaintiff had a living undivorced husband, he and plaintiff were not capable of entering into the marriage relation. Plaintiff is relying on section 1668, O. S. 1931, to defeat the alleged marriage of plaintiff and Wilson Davis on the ground that plaintiff was only 14 years of age at that time, and was, under the statute, prohibited from entering into the marriage relation.

The trial court evidently took that view of the case, but in light of the holding of this court in the case of Hughes v. Kano, 68 Okla. 203, 173 P. 447, it appears that the lower court was wrong. In Hughes v. Kano Case Jonas Kano, a Creek Indian boy 16 or 17 years of age married a Creek Indian girl by the name of Susan Billy.

It was argued in that case that since Kano was within the age prohibited by statute from contracting marriage, there could be no marriage. The court in that case cited and adhered to the rule laid down in the case of Hunt v. Hunt, 23 Okla. 490, 100 P. 541, wherein it was held that, while the marriage was prohibited and illegal, it was voidable only and not void.

The testimony in this case is sufficient to show a valid common-law marriage between the parties, unless said parties were incapable of entering into the marriage contract by reason of Linda Puntka having a living undivorced husband.

It is a sound rule of law that a marriage, when shown to exist, is presumed to be legal, and the burden is on the party attacking it to prove otherwise, but, as stated by Justice Cochran in the case of Madison v. Steckleberg, 101 Okla. 237, 224 P. 961:

"The effect of this presumption is to place the burden of proof upon the opposite side to introduce some evidence in regard to the fact of the removal of the obstacle. When there is competent evidence introduced tending to prove that the obstacle had not been removed, the presumption disappears, and it then becomes necessary for the court or jury to determine the question in accordance with the facts and reasonable inferences to be drawn therefrom. * * * When evidence has been introduced tending to prove that neither party to the first marriage has obtained a divorce, the presumption entirely disappears, and it is then necessary for the party in whose favor the presumption was indulged to meet the facts offered in evidence by other facts."

In the instant case a divorce could have been obtained by either party only in accordance with the laws of the state of Oklahoma, and as both parties lived in this state,

there would have to be actual service of summons issued in the case or a waiver. Certainly plaintiff would have known it if she had been sued by Wilson Davis, and she testified that she had never sued him.

The defendant introduced sufficient evidence to establish that no divorce had ever been granted plaintiff and Wilson Davis, in the absence of other proof, and thereby placed the burden of proof on plaintiff to prove that a divorce had actually been granted.

In view of the above holding, we deem it unnecessary to pass upon the other assignments of error.

The judgment of the lower court is reversed and the case remanded for a new trial so that plaintiff may establish a divorce between her and Wilson, if such be the case.

The Supreme Court acknowledges the aid of Attorneys Ross Rutherford, W. C. Austin, and Waldo T. Oden in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Rutherford and approved by Mr. Austin and Mr. Oden, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ.. concur.