Emily Lebell Filmore MARCUM and Ben Filmore, for the Use and Benefit of Emily Lebell Filmore Marcum, Plaintiffs in Error,

v.

Juanita M. ZARING nee Filmore, Wanda M. Yook nee Filmore, Norman R. Filmore and C. R. Miller and Helen Diaz, Defendants in Error.

No. 40597.

Supreme Court of Oklahoma.

Aug. 3, 1965.

Supplemental Opinion on Rehearing
Oct. 12, 1965.

Carloss Wadlington, Ada, for plaintiffs in error.

Wade Arends, Edmond, E. Ike Zamrzla, Oklahoma City, for defendants in error.

HALLEY, Chief Justice.

William Filmore was a full blood Chickasaw Indian enrolled opposite Roll Number 159. He received as his homestead allotment one hundred and ten and thirty three one hundredths (110.33) acres of land in what is now Pontotoc County, Oklahoma. He was forty-two years old on September 25, 1902. The evidence further shows that he was married to Linna Gee on February 20, 1895, and that they were of the same age. She was a white woman and of no Indian blood.

There is no record of a divorce of William Filmore from Linna Gee Filmore and William Filmore had no children by Linna.

The evidence shows that William and Tina Ladford were married in Oklahoma City by a ceremonial marriage. A marriage license to this couple was issued by the Court Clerk of Oklahoma County on November 22, 1921. To this marriage four children were born. One of these four children died in infancy. The three children who lived are the three defendants here, Norman R. Filmore, a son, the oldest child of this marriage born in 1922, Juanita M. Zaring, nee Filmore born in 1924, and Wanda M. Yook, nee Filmore, born July 19, 1927. Tina Ladford Filmore and William Filmore were divorced on the 4th of April 1931, in the District Court of Oklahoma County, Oklahoma.

William Filmore died on the 17th day of December, 1934, in Phoenix, Arizona. He was approximately seventy-four years of age at the date of his death.

On July 22, 1935, Linna Filmore of Huerfano County, Colorado, executed a general warranty deed to Ben Filmore of Maricopa County, Arizona, to the land in dispute in this action. This deed was filed for record in Pontotoc County, Oklahoma, on January 30, 1940. Ben Filmore conveyed the land to his daughter, Emily Lebell Filmore Marcum.

The record is not clear as to what was the situation in regard to this land from the date of the death of William Filmore until in 1950, when a suit was brought by the defendants in this case to quiet title to the land in them. This was done in a judgment entered in case No. 19835 of the District Court of Pontotoc County on the 6th day of December, 1950. The plaintiffs in the case at bar were not made parties in said case No. 19835. Some of the defendants therein were persons claiming through a tax deed which had been improperly issued on the property here involved and others

were claiming as heirs of Fannie Renison who was deceased. It was claimed that she was the wife of William Filmore. As said before the three children of William Filmore by Tina Ladford were awarded the property.

Counsel for plaintiffs have raised seven grounds for reversal which are:

"1. Judgment of the Court below is contrary to evidence and contrary to law and under the evidence, it should have been found that Linna Filmore was the surviving wife of William Filmore and inherited an undivided one-third interest in the land, and that the plaintiffs are entitled to recover an undivided one-third interest in the land involved."

"2. The deed executed in 1935 by Linna Filmore to Ben Filmore was not champertous."

"3. The plaintiffs may maintain this action."

"4. The court abused its discretion in not allowing the trial to be re-opened for the introduction of additional documentary evidence submitted by the plaintiffs and the court erred in overruling the motion for new trial insofar as it was sought to introduce such additional documentary evidence."

"5. The court erred in overruling the motion of the plaintiffs for a new trial."

"6. The court erred in refusing and ruling out legal and competent evidence offered by the plaintiffs, the same being pedigree evidence as to the marriage and lack of divorce offered by witness, Emily Lebell Filmore Marcum."

"7. Judgment should be reversed with directions for judgment for the plaintiffs for recovery of an undivided one-third interest in the real estate and for one-third of the rents and profits thereof."

We have concluded that the trial court must be affirmed and our reasons for doing so will be contained in a discussion of plaintiffs' propositions One, Four and Six.

Under plaintiffs' first proposition we are confronted immediately with the problem of determining what was the effect of William Filmore's marriage to Tina Ladford. There is no question but that these persons were purportedly married in 1921 and that their three children are legitimate and inherited from William Filmore. This is conceded in plaintiffs' brief. The last sentence of Section 215 of 84 O.S.1961, provides:

"* * * The issue of all marriages null in law, or dissolved by divorce, are legitimate."

There is no question but that Linna Gee and William Filmore were legally married and were wife and husband. There is no evidence that they were divorced. Tina Ladford makes no claim to an interest in the estate of William Filmore. The record of her divorce from him was not introduced in evidence but its existence could hardly be questioned.

The plaintiffs have attempted to break down the presumption that Tina Ladford's and William Filmore's marriage was legal. This they have failed to do.

Plaintiffs' first proposition is:

"Judgment of the court below is contrary to evidence and contrary to law and under the evidence, it should have been found that Linna Filmore was the surviving wife of William Filmore and inherited an undivided one-third interest in the land, and that the plaintiffs are entitled to recover an undivided one-third interest in the land involved."

When we consider the presumption that the marriage of Tina Ladford and William Filmore was legal is one of the strongest known to the law, we can hardly say that the plaintiff has overcome this presumption. The possibility that either William Filmore or his first wife Linna had not gotten a divorce from each other was not shown. An effort was made to introduce the rec-

ords from different counties in Oklahoma and Colorado but even if this evidence had been admitted it would not show that a divorce had not been granted in some other jurisdiction.

■ There is no question here but that William Filmore was married at least twice and Tina Ladford was his last wife. Their marriage was established beyond question. Since this Court is committed to the rule that in case of conflicting marriages of the same spouse, the presumption of the validity operates in favor of the second marriage, we will hold that the marriage of Tina Ladford and William Filmore was legal and that until their divorce they were husband and wife. See Norton v. Coffield, Okl., 357 P.2d 434.

■ The burden in this case was upon the plaintiffs to show that Linna Filmore and William Filmore had never been divorced. This was not done.

■ We have said that one of the strongest presumptions of the law grounded in public policy favoring and presuming morality, marriage and legitimacy is that a marriage once shown, is presumed to be legal and valid and that this presumption increases in strength with the lapse of time, recognition and acknowledgment of the marriage and birth of children.

■ Under their fourth proposition the plaintiffs argue that the trial court erred in not permitting them to offer evidence of their search of the records of several counties in Oklahoma and in Colorado and Arizona and they were unable to find any record of a divorce in those counties. Still in face of our holding in Norton v. Coffield, supra, it would not have been sufficient under the facts in this case to overcome the presumption of the validity of the marriage of Tina Ladford and William Filmore. See also the comprehensive note at 14 A.L.R.2d 48, and Sam v. Sam, 172 Okl. 342, 45 P.2d 462; Thomas v. James, 69 Okl. 285, 171 P. 855.

■ The plaintiffs contend under proposition six that certain evidence was improperly excluded. This was the testimony of plaintiff, Emily Lebell Filmore Marcum, which was to the effect that she had never heard of William Filmore and Linna Filmore being permanently separated or that they had ever been divorced. An objection was sustained to this testimony and properly so as it would not have proved or disproved any fact in this case and to admit it would have been error. St. Louis & S. F. Ry. Co. v. Slade, 144 Okl. 216, 291 P. 107.

Holding as we do on these fundamental propositions we see no necessity to dismiss the plaintiffs' other points.

The judgment of the trial court is affirmed.

DAVISON, IRWIN, BERRY and LAVENDER, JJ., concur.

WILLIAMS and HODGES, JJ., concur in result.

### On Rehearing.

LAVENDER, Justice.

In the petition for rehearing filed herein by plaintiffs in error, she asserts her original propositions four and six which are set forth verbatim in the original opinion promulgated August 3, 1965.

In considering these propositions the original opinion did not discuss the evidence adduced at the trial nor the offered evidence set forth in the plaintiff's motion to reopen, which was rejected by the trial court. The plaintiff in error asserts that the cumulative effect of the evidence which was admitted at the trial, together with that which plaintiff in error says should have been admitted, necessitates our reversal of the trial court, in that such evidence, plaintiff urges, was sufficient to rebut the presumption of validity of the marriage under attack.

What was the evidence before the trial court?

First, we have the testimony of Emily Lebell Filmore Marcum, the principal plaintiff. She testified that William Filmore was her uncle; that she had known him

ever since she was a little girl; that William and Linna lived at Roff, Oklahoma "and at different places." That when William died in 1934, Linna at that time lived in Colorado.

The next witness was C. A. Marcum, husband of the witness just mentioned. He testified that when he was a boy living in Chickasha, Oklahoma, he knew William Filmore and Linna and knew that they lived there together as husband and wife. That in addition to living at Chickasha, William and Linna lived, according to this witness, at Henryetta, Pauls Valley and Sulphur, all in Oklahoma. That when this witness first knew William, he and Linna, as stated, were living at Chickasha, and it was about 1912. That it was about 1915 when William and Linna moved to Pauls Valley where they lived, in the words of witness, "Quite a while"; that they thereafter moved to Sulphur, and that after that for several years this witness did not see William Filmore. That witness did not visit William at Sulphur or know whether Linna lived with him then or not. This witness further stated that he did not know the whereabouts of William or Linna in 1921 (the year William entered into the second marriage with Tina).

There was other evidence that William lived in Oklahoma City, and Ardmore perhaps, during a part of those years between the date of his first marriage and 1921, the date of the second marriage. When he lived there or how long is not shown.

The above constituted all the evidence as shown in the record upon the point of where William and/or Linna lived or had their respective residences during the time prior to 1921.

Plaintiff, after the close of the evidence, moved for leave to re-open and introduce records of those counties mentioned in the testimony, which records would show that no divorce was obtained by either William Filmore or Linna Filmore in those counties.

Even if the above evidence had been admitted and considered by the trial court in conjunction with the other evidence adduced at the trial, such evidence would have been, under the past decisions of this court, insufficient to rebut the presumption of validity of the second marriage.

There is no evidence in the record to establish that William and Linna, or either of them, continued to reside in Sulphur, the last place to which they moved. There was a total lack of evidence as to the whereabouts of Linna Filmore from the time she and William moved to Sulphur until she began living in Colorado. There was no evidence as to how long before 1921 it was that William moved to Sulphur. The burden of proof was on the plaintiff here attacking the validity of the second marriage, and the proof was insufficient.

While the presumption of validity of a marriage is rebuttable, Madison v. Steckleberg, 101 Okl. 237, 224 P. 961, and Puntka v. Puntka, 174 Okl. 517, 50 P.2d 1092, same can only be rebutted by clear, cogent and convincing evidence. Sam v. Sam, 172 Okl. 342, 45 P.2d 462 (cited in the original opinion). See also Templeton v. Jones, 127 Okl. 1, 259 P. 543; Thomas v. Jones, 143 Okl. 23, 289 P. 339, (cited in the original opinion). For a case almost directly in point, see Hale v. Hale, 40 Okl. 101, 135 P. 1143, where this court said:

"* * * Nor does the evidence establish that the counties named in the depositions are the only counties in which Shugart resided during said time, or that said courts were the only courts that would have had jurisdiction to grant him a divorce. * * *"

Brokeshoulder v. Brokeshoulder, 84 Okl. 249, 204 P. 284, 34 A.L.R. 441, is not in point upon the facts, for there the continuous residence of both participants in the first marriage, from the time of the first marriage until his death and in the case of the wife to the time of trial, was affirmatively shown by the evidence.

Petition for rehearing denied.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, and BERRY, JJ., concur.