### HUGHES v. KANO.

No. 8675—Opinion Filed June 4, 1918.

(173 Pac. 447.)

(Syllabus.)

**1. Marriage—"Common-Law Marriage"—Requisites.**

A common-law marriage may exist in this state, and when parties capable of entering into the marital relation agree to be and become husband and wife, and in pursuance of this agreement enter into and thereafter maintain the marriage relation, the common-law marriage exists.

**2. Same—Invalidity.**

A common-law marriage entered into in this state by persons prohibited from marrying under the provisions of section 3885, Rev. Laws 1910, is voidable, but not void.

**3. Appeal and Error—Theory of Case.**

Where a party tries his case upon one theory in the trial court, he will not be permitted to change in this court and prevail upon another theory and issue not presented to the trial court.

Error from District Court, Tulsa County; Conn Linn, Judge.

Action by Jonas Kano against R. H. Hughes. Judgment for plaintiff, and defendant brings error. Affirmed.

Davidson & Williams, for plaintiff in error.

Harry H. Rogers, Kirk B. Turner, Martin E. Turner, and Vera L. Lane, for defendant in error.

OWEN, J. This action was brought in the district court of Tulsa county, by Jonas Kano, to try title to certain lands in the Creek Nation allotted to Susan Billy, who died in 1914, leaving a minor child. This child died in 1915. The issue is as to whether Kano, the father of the child, or Lumber Billy, father of Susan Billy and grandfather of the child, inherited the land at the child's death. Plaintiff in error claims through Lumber Billy.

It appears that Jonas Kano, a Creek Indian boy between 16 and 17 years of age, agreed with Susan Billy, a Creek Indian girl, to assume the relation of husband and wife, and that they lived together, cohabited, and held themselves out as husband and wife for something like two years prior to the death of Susan Billy. They lived in the home of Lumber Billy for something like one year, and until Kano was arrested on a criminal charge and placed in jail. Prior to his arrest they attended public gatherings of the Indians, traveled to the nearby towns together, and on different occasions held themselves out to their associates as husband and wife, and while living in her father's home occupied the same bed. After Kano's arrest, and while he was confined in the county jail awaiting trial, the child in question was born, and soon after its birth Susan visited the county jail, taking the child with her. She advised with the attorneys who represented Kano in his trial, and visited him from time to time, securing permission from the officials to do so on the representations that she was his wife. After he was convicted and sentenced to the penitentiary she visited him on several occasions, and a short time prior to her death wrote him a letter addressing him as "Dear Husband." From this testimony the trial court found that Kano was the lawful husband of Susan, the legitimate father of her child, and therefore inherited the land. We think the testimony supports the findings of the court.

Counsel urge that such relations did not constitute a valid marriage according to the customs of the Creek Indians, because such tribal marriages were prohibited after January 1, 1898, and contend there could be no common-law marriage between these persons for the reason that section 3885, Rev. Laws 1910, expressly prohibits every male under the age of 18 years from marrying. A similar question was presented to this court in the case of Hunt v. Hunt, 23 Okla. 490, 100 Pac. 541, 22 L. R. A. (N. S.) 1202, and there it was held that, while the marriage was prohibited and illegal, it was voidable only, and not void. To the same effect was the

holding in the case of In re Love's Estate, 42 Okla. 478, 142 Pac. 305, L. R. A. 1915E, 109, and In re Sanders' Estate, 67 Okla. —, 168 Pac. 197. In the last mentioned case it was said:

"A common-law marriage may exist in this state, and when parties capable of entering into the marital relation agree to be and become husband and wife, and in pursuance of such agreement enter into and thereafter maintain the marriage relation, a common-law marriage exists."

Under the common law a male over the age of 14 years and a female over the age of 12 years are capable of entering into a marital relation. Kent's Comm. (13th Ed.) 78.

It appears incidentally from the evidence that Jonas Kano was arrested, charged with the crime of murder, tried and convicted, and confined in the penitentiary. Counsel argue that, since the punishment for murder prescribed by section 2319 of the statute is death or life imprisonment, Kano must have been confined in the penitentiary for life, and that because under section 2814, Rev. Laws 1910, a person sentenced to imprisonment in the penitentiary for life is deemed to be dead civilly, Kano could not inherit the land in controversy. This issue does not appear to have been presented in the pleadings or by the evidence offered. The case appears to have been tried in the court below on the theory that Kano was not the lawful husband of Susan Billy, therefore not the legitimate father of her child, and for that reason did not inherit the land. It is a settled rule of this court that, where a party tries his case upon one theory in the trial court, he will not be permitted in this court to prevail on another theory not presented to the trial court. Shuler v. Collins, 40 Okla. 126, 136 Pac. 752.

The judgment of the lower court is affirmed.

All the Justices concur.