## WESTERN INDEMNITY CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 12788—Opinion Filed March 13, 1923.

Second Rehearing Denied Nov. 20, 1923

(Syllabus.)

1. Master and Servant—Workmen's Compensation Act—Procedure—Reception of Evidence—Record.

In a proceeding before the Industrial Commission for compensation under the Workmen's Compensation Act, the manner and method of objecting to the admission or consideration of evidence, and the manner of preserving the record, in order to have the alleged error reviewed by this court, is defined in section 7319, Comp. Stat. 1921.

2. Same—Consideration of Evidence—Objection.

Whether the Industrial Commission erred in the admission or consideration of certain evidence will not be considered by this court when the record discloses the evidence was considered without objection.

3. Same—Change of Theory on Appeal.

A party to an action, having presented his case or defense to the Industrial Commission upon a certain and definite theory, will not be permitted to change in this court, and prevail upon another theory and issue not presented to the commission.

4. Same—Cancellation of Policy as Defense.

Where an insurance carrier enters its appearance before the Industrial Commission, in a compensation case pending therein, and defends upon the theory that the evidence

will disclose its policy had been canceled, and was not in force and effect, and the evidence of the claimant and carrier is introduced to support their various contentions, without objections, the carrier will not be permitted to present his case in this court upon a different theory.

**5. Same—Necessity for Urging Error Below.**

Errors alleged to have occurred before the Industrial Commission will not be considered by this court, unless the record discloses the proposition was presented to the commission for its consideration.

**6. Same—Award of Compensation—Sufficiency of Evidence.**

Record examined, and held, the evidence is sufficient to support the award of the commission.

**7. Same—Reference by Commission—Failure to Object.**

Where the Industrial Commission appointed a referee to take testimony, and said testimony is taken and transcribed and filed with the commission, and the evidence considered by the commission without objection, the question of the authority of the commission to appoint a referee becomes immaterial.

**8. Same—Costs of Reference.**

Where the Industrial Commission appointed a referee to take testimony, the commission has no authority to tax the costs of the referee against the employer and insurance carrier, unless the costs were incurred at their request, and any order attempting to assess such costs will be vacated upon appeal.

On Rehearing.

**9. Master and Servant in Rehearing—Workmen's Compensation Law—Death of Claimant Pending Appeal—Retention of Jurisdiction.**

Where an award has been made by the Industrial Commission under the Workmen's Compensation act, and proceedings are commenced in this court to reverse said award, and pending such appeal the claimant dies, if there is any amount due under the award at date of the death of the deceased, this court will retain jurisdiction and permit the cause to be revived, and pass upon the errors complained of to reverse said award. The case of Lahoma Oil Company v. State Industrial Commission et al., 71 Oklahoma, 175 Pac. 836, in so far as in conflict with the above holding, is overruled.

Quaere: The question of whether the portion of the award not due and payable at the date of the death of the claimant passes to the heirs or representatives of his estate since the amendment of section 2, art. 6, ch. 246, Session Laws 1915, and section 10, art. 5, ch. 246, Session Laws 1915, being sections 7337 and 7339, respectively, of Compiled Stat. 1921, is not determined and no opinion is expressed thereon.

Appeal from Order of Industrial Commission.

Action by the Western Indemnity Company to reverse award of workman's compensation to Jack Allen and an order to pay costs of reference.

Order made October 5, 1921, affirmed; order made October 8, 1921, vacated and set aside.

Ross & Thurman and Cheek & Butterfield, for petitioner.

Pardue & Davis, for Jack A. Allen.

McMillan & Davis, for W. M. Hobson et al.

Geo. F. Short, Atty. Gen., and Kathryn Van Leuven, Asst. Atty. Gen., for State Industrial Commission.

McNEILL, J. This is an action commenced in this court by the Western Indemnity Company to reverse an award made by the Industrial Commission on October 5, 1921, whereby W. M. Hobson, operating as the W. M. Hobson Drilling Company, as employer, and the Western Indemnity Company, as insurance carrier, were ordered to pay Jack Allen compensation for an injury, the sum of $18 per week for a period of 500 weeks, and a supplemental order made October 8, 1921, requiring the respondents and insurance carrier to pay costs before a referee. Allen has since died, and the cause has been reviewed in the name of Esther Allen, the administratrix.

To reverse this award, the insurance carrier argues in its brief seven separate and distinct propositions. We do not think that any of the first six propositions, however, are properly before this court for review. Section 7319, Comp. Stat. 1921, provided as follows:

"The commission or commissioner or inspector in making an investigation of inquiry or conducting a hearing shall be required to preserve a complete record of all oral or documentary evidence considered, to any part of such evidence any party affected thereby may object, which objection shall be considered and passed on by the commission and preserved in the record."

Section 7297, Comp. Stat. 1921, provides for a review of the award and decision of the Industrial Commission by this Court, and provides in part as follows:

"Such action shall be subject to the law and practice applicable to other civil actions cognizable in said court."

The general rule prevailing in this jurisdicton to reverse a decsion of an inferior court, may be stated as follows:

"Errors alleged to have occurred at the trial in the lower court, unless the same are excepted to, will not be considered on appeal in the Supreme Court." See McKee v. Jolly, 72 Oklahoma 178 Pac. 656.

Another principle of law is also applicable, to wit:

"Where a party tries his case upon one theory in the trial court, he will not be permitted to change in this court and prevail upon another theory and issue not presented to the trial." See Hughes v. Kano, 68 Okla. 203, 173 Pac. 447.

It is very evident that the Legislature, when adopting section 7319, supra, intended that the same should be the method of preserving the record before the Industrial Commission, when either party desired to object to any evidence that was considered by the commission, and if the party felt aggrieved by the ruling of the commission, he could assign the same as error and have the same reviewed by this court.

In the instant case the record fails to disclose that the Western Indemnity Company made any objection to the evidence introduced, nor did they object to taking the evidence before a referee, nor did they make any objection to the appointment of a referee to take the evidence, nor did they object to the evidence after the same had been taken before the referee and filed with the commission. On the contrary, the record discloses that upon the date set for taking testimony the attorney for the company appeared and announced ready for trial, and all the parties proceeded to take the evidence without any objection, made a statement of their defense and the facts they expected to prove, and the evidence was taken and transcribed and filed with the commission, and no objection interposed against the commission considering said evidence.

It is first contended that the award of the commission should be set aside because the commission was without jurisdiction to determine the validity of the cancellation or invalidity of the insurance policies. The Workmen's Compensation Law provides that an employer shall carry insurance, being sections 7308 to 7311, Comp. Stat. 1921. The policy in the instant case provides that the same might be canceled by either party by giving not less than ten days' written notice to the State Industrial Commission, and to the other party. Upon the hearing before the commission it developed that the policy had been canceled by the commission, but the employer contended he had no written notices as required by the policy. Whether the Western Indemnity Company was an insurance carrier, and its policy was in force and effect, was a question of fact to be determined by the commission. The Western Indemnity Company defended upon the theory that its evidence would disclose that the policy had been canceled, and was not in force and effect. This was the issue of fact submitted to the commission. Both parties tried the case upon this theory and introduced their evidence to support their theory. No objection was made to the evidence introduced, nor to the commission considering said evidence. By applying the rule heretofore announced, which is stated as follows:

"Where a party tries his case upon one theory in the trial court, he will not be permitted to change in this court and prevail upon another theory and issue not presented to the trial court." See Hughes v. Kano, 68 Okla. 203, 173 Pac. 447.

—the Western Indemnity Company having tried this case upon the theory that the commission had jurisdiction, and having failed to object to any of the evidence introduced by the claimant as required by section 7319, supra, it will not be permitted to change its theory in this court and prevail upon another theory or contend that evidence was improperly considered. The evidence introduced before the commission was sufficient to support the finding that the policy was in force and effect.

The second proposition argued in the brief is stated substantially as follows: Having decided the case in favor of the Western Indemnity Company and having released it from liability, the commission was without authority to reinstate the action against the Western Indemnity company.

Section 7325, Comp. Stat. 1921, provides, in substance, that the power and jurisdiction of the commission over such case shall be continuous, and it may from time to time make such modification or change in respect to former findings or orders relating thereto as in its opinion may be just.

If there was an error in the commission setting aside its former order and taking further testimony, we think the error, if any, was also waived. The record fails to disclose that the Western Indemnity Company made any objections to reinstating the case, nor did they object to taking additional evidence that was considered by the commission to determine whether a change or modification should be made in the order. Having failed to object to the evidence in the lower court, the same cannot be present-

ed for the first time and alleged as error in this court.

The third proposition is stated as follows: The attempted appointment. hearing, and finding by the referee were and are void as being without authority and jurisdiction.

It is immaterial whom the evidence was taken before; the only question material, was whether, when the same was transcribed and filed before the commission, it should have been considered. The parties appeared and submitted the evidence to the referee, all of which was transcribed and filed with the commission without objection, and thereafter the commissioners, without objection, made their finding based upon said transcript. The authority to appoint a referee, therefore, becomes immaterial.

The fourth proposition is stated as follows: Findings of fact on the question not within the jurisdiction of the commissioner are not final, but subject to be reviewed by this court, and it may weigh the evidence. Under this proposition, it is contended this court must weigh the evidence to disclose whether the policy of the insurance carrier had been previously canceled. We do not think counsel's position is correct, but even if we assume the same is correct, there is evidence that the insurance carrier did not comply with the terms of the policy in giving written notice for its cancellation, and it could not be said, even assuming counsel's position is correct, which we do not, that the finding of the commission was clearly against the weight of the evidence.

As to the fifth proposition, it is contended that the admitted facts in the evidence are insufficient to sustain the award against the company. The evidence has been reviewed and, as heretofore stated, is sufficient to support the award.

The sixth proposition is stated as follows: The Industrial Commission failed or refused the petitioner a right to be heard upon the finding of the supposed referee. The record fails to disclose that the insurance carrier was denied or refused the right to be heard before the Industrial Commission. If the insurance carrier desired to be heard further before the commission or made any request to be heard before the commission, the record fails to disclose that fact.

It is very evident that the Legislature by section 7319, supra, and section 7297, supra, intended to provide a method of preserving a record before the commission, and that a party, feeling aggrieved, might assign said ruling of the commission as error, and have the same reviewed in this court. It was never intended that a party could proceed and try his case before the commission, and make no objection to the evidence or orders of the commission, and present his objections for the first time in this court.

The last question presented relates to the supplemental order of the Commission made on the 8th day of October, 1921, wherein the commission ordered that the respondent and insurance carrier be taxed with the costs of the proceedings before the referee. We know of no law or statute that authorizes the commission to tax such costs to the respondent or insurance carrier. This portion of the order will be reversed and vacated. However, we think it was the duty of the insurance carrier to have called the commission's attention to the invalidity of this order, and asked to have the same set aside, and if the commission overruled said request, to have excepted to the ruling of the commission and then assign the same as error in this court.

It is therefore the judgment and order of the court that the award of the commission made on the 5th day of October, 1921, is affirmed, and the supplemental order made on the 8th day of October, 1921, is vacated and set aside, and the costs of this proceeding be taxed against the insurance carrier.

JOHNSON, V. C. J., and KANE. KENNAMER, NICHOLSON, and BRANSON, JJ., concur.

### On Rehearing.

McNEILL, J. The plaintiff in error, upon rehearing, contends the court failed to pass upon a question decisive of the case, that was duly submitted, to wit: That the appeal should have been dismissed for the following reasons: Jack Allen was injured on or about May 28, 1920, and thereafter an award was made by the Industrial Commission awarding him compensation at the rate of $18 per week. The payments were not made as they became due under said award, but a proceeding was instituted in this court to reverse said award. While said cause was pending in this court, Jack Allen died on July 25, 1922. Esther Allen was appointed administratrix of the estate of Jack Allen, and filed a motion in this court to revive the proceeding pending herein in her name as administratrix. Objection was filed to said motion, by the insurance company and employer, and moved that the proceedings in this court be dismissed. On October 10, 1922, this court made an order reviving the action in the name of the administratrix. While no writ-

ten opinion was filed by the court, the order reviving the action over the objections of the employe overruled the motion to dismiss. The opinion in the case does not refer to the ruling on the motion, for the reason the same had been acted upon prior to the time of preparing the opinion and the court considered that question settled. In view of a former decision of this court, we will refer to the question of the motion to dismiss upon rehearing. It is contended upon authority of Lahoma Oil Co. v. State Industrial Commission, 71 Oklahoma, 175 Pac. 836, that the court erred in permitting the action to be revived, and should have dismissed the case.

In the case of Lahoma Oil Co. v. Industrial Commission, supra, the court held in the first paragraph of the syllabus in substance that under the Workmen's Compensation Act, where a person had secured an award and died before the maximum number of payments had been made, according to the terms of the award, the right to compensation under the award ceased with the death of the claimant.

The court, no doubt, announced the right principle of law as the law existed at that time, but the Workmen's Compensation law has been amended since the rendering of that decision. The Legislature having amended section 2, art. 6, ch. 246, Session Laws 1915, and section 10, art. 5, sec. 246, Session Laws 1915, being sections 7337 and 7339, respectively, of Compiled Stat. 1921. We think, however, the court in the case of Lahoma Oil Company v. State Industrial Commission committed error in dismissing the appeal. The fact that an award had been made and a proceeding commenced in this court to reverse the same should not prevent the collection of the amount due under the award at the date of the death of the claimant, unless the award is reversed by this court. In the Lahoma Oil Company v. State Industrial Commission Case, this court cites the case of Erie Ry. Co. v. Callaway (N. J.) 102 Atl. 6. That case does not hold that the amount due under an award at the time of the death of the claimant cannot be collected. In that case, the court said:

"Callaway died April 5, 1915, from causes other than the injuries which he received as a result of the accident. The compensation was paid to April 2, 1915. There remains due $2.14 of compensation accrued during his lifetime. As to this there is no dispute. The difficulty arises out of the effort of his widow, as executrix of his will, to collect the weekly sum of $5 since his death and until the end of the 400 weeks."

If we apply the rule announced in the Lahoma Oil Co. Case the executrix could not have collected the $2.14 after the death of the claimant, and in that case it was conceded by both sides that the same could be collected. The case of In re Murphy. In re Aetna Life Ins. Co., and In re Holyoke Supply Co. (Mass.) 113 N. E. 283, is also cited. We do not think that case has any application to the case at bar. That case was construing a portion of the Workmen's Compensation Act which provided that where the employe was killed certain payments should be made to his dependents, An award was made so much a week to the father, and so much a week to the mother. Thereafter the mother died, having received the full amount due her up to the time of her death. The question presented was whether upon her death her husband could collect not only the award that had been awarded to him, but the unearned award that had been awarded to his wife. The court in that case said:

"We are of the opinion that, although there is no express provision to that effect in the act, the weekly payment to be made to the dependent comes to an end when the dependent dies."

That case does not even consider the question of whether at the date of the death of the claimant the administratrix could collect the award that was due and unpaid.

The case of Wozneak v. Buffalo Gas Co., 161 N. Y. Supp. 675, is also cited. This was an opinion by a divided court, three in favor of the opinion and two dissenting. A portion of the second paragraph of the syllabus is as follows:

"An award by weekly payments does not give the employe a vested interest in the payments not due, and the right to such payments does not survive his death from natural causes."

The third paragraph of the syllabus is as follows:

"Under Workmen's Compensation Law, par, 33, providing that compensation and benefits shall be paid only to employes or their dependents, any payments accruing after the death of a workman are payable to the dependents, not to the workman's personal representative."

In all the above cases cited and relied upon, the court was not considering the portion of the award due and unpaid at the date of the death of deceased, but was only considering the portion of the award unearned and not due. In the instant case

the award from the date of the award up to the time of the death of claimant was due and payable. The payments, however, were suspended by virtue of the proceeding pending in this court to reverse the award, and upon affirming the award there can be no question that the amount due up to date of the death of the claimant can be collected. The syllabus in the case of Lahoma Oil Co. does not announce the law to be, if the claimant dies pending proceedings to reverse the award, that the amount of the award due at the date of the death cannot be collected. The force and effect of the opinion by dismissing the appeal did have this force and effect. In that we think the court was in error:

The opinion in the case of Lahoma Oil Co. v. Industrial Commission, supra, is overruled, in so far as it holds that under the law as it existed at that time the heirs or representatives of the claimant cannot collect the amount of the award due and earned at the date of the death of claimant.

This court has announced the rule:

"The Workmen's Compensation Law should be construed fairly and liberally in favor of the employe."

This construction of law would be violated if we hold that, pending proceedings to reverse the award, the death of deceased would defeat payment of the award earned and unpaid. This would be a strained construction, and not according to the policy of the law. We therefore hold, if the award is not reversed, the amount due under the award up to the date of the death may be collected, and this court will retain jurisdiction and pass upon the validity of the award. In the instant case there was a motion to dismiss upon the grounds that the claimant had died, and a demurrer filed to the motion, which was sustained. There are questions that may be involved in determining whether the full award can be collected, and are not determined, and should not be under the record, but should be when the case is brought in the regular manner.

If there is any portion of the award that is earned, the award may be reviewed. A portion of the award at least was a subject of controversy in this court, and the motion to dismiss was properly overruled.

JOHNSON, C. J., and NICHOLSON, COCHRAN, and MASON, JJ., concur.