TAYLOR et al. v. DAVIS et al.

No. 32414.   Oct. 14, 1947.

*185 P. 2d 444.*

H. A. Johnson, of Perry, for plaintiffs in error.

Henry S. Johnston, of Perry, for defendants in error.

DAVISON, V.C.J.   This is an action to quiet title to improved real estate in the city of Perry, Oklahoma.

Gertrude Davis, one of the plaintiffs in this action, is the sister and sole heir of Barnes Taylor, who died February 6, 1942.  The other plaintiff is the administrator of the estate of said decedent.  Barnes Taylor, who was raised on the property involved, was given the title to the same by his father before statehood and he continued to occupy it as his home until his death on the above date.  In 1907 he married Estella Taylor, one of the defendants herein, and she moved into this property with him.  In 1919 Lavada Finley, who had purchased a tax deed to the property a few days previously, executed a quit-claim deed to the said Estella Taylor.  In 1921 Estella Taylor deserted her husband, Barnes Taylor, and in 1925 they were divorced.  He continued to occupy the property openly, notoriously and adversely to any claim of his former wife.  He made repairs and improvements, rebuilt the house two or three times when damaged or destroyed by fire, paid the taxes, and did all things relating to the property indicative of complete, exclusive ownership as long as he lived.  Ruth Taylor and her mother, Eliza Ellis, the other defendants herein, lived with the decedent for some seven years up to the time of his death.  After the death of Barnes Taylor, Eliza Ellis continued to occupy the property but claimed interest therein only as lessee of Estella Taylor and began paying rent to H. A. Johnson, the attorney for said defendant, Estella Taylor, herein.

The trial court made findings of fact and conclusions of law and rendered judgment for plaintiffs.  Defendants bring the case here on appeal, assigning as error the failure of plaintiffs to tender the taxes, penalties, interest and costs, to which they assert Estella Taylor was entitled by reason of the tax deed; that the action was barred by the one year statute of limitations contained in 68 O.S. 1941 §455; that the finding by the trial court of adverse possession by Barnes Taylor is not supported by the evidence; and that the trial court erred in holding that Eliza Ellis was incompetent to testify as to conversations and transactions with the deceased.

The first two propositions are determined by the fact that Barnes Taylor, regardless of his record title, had obtained a valid title to the property by prescription because of his open, notorious adverse possession for a period of more than 15 years.  The finding of this fact by the trial court is amply supported by the evidence.  It makes no

difference in what manner defendant claims title, whether from the Nation as remote grantor by patent or from the state as remote grantor by tax deed or otherwise. It can be said here as in McGowan v. Carlton, 143 Okla. 106, 288 P. 338, that:

"In the present case, under our law, Comp. Stat. 1921, secs. 8552-8554 (60 O.S. 1941, secs. 331-333) the plaintiff pleaded and proved an absolute indefeasible title in fee simple. . . . "

It made, therefore, no difference whether defendant's title under the tax deed was valid, voidable or void. Whatever title she had was extinguished by the 17 years adverse occupancy by Barnes Taylor. It could not be reinstated by an unauthorized occupant asserting its validity and paying rent.

This action was not one for the purpose of setting aside the tax deed but was brought to quiet title based upon the record and adverse possession, and to determine the inferiority of defendant's title. Thus, it did not fall within the class covered by the provisions of section 455 of 68 O.S. 1941, requiring the tender of taxes, penalties, interest and costs, and fixing a one year period of limitations.

As to the sufficiency of the evidence, this court has uniformly held that in a case of equitable cognizance, the judgment of the trial court will not be reversed on appeal unless it is against the clear weight of the evidence. In the instant case an examination of the entire record discloses the great weight of the evidence to be in support of the findings and judgment.

A thorough examination of the record fails to disclose a single question asked the witness, Eliza Ellis, which was not answered. It is impossible for this court to determine what evidence was excluded by the trial court of which complaint is made. Defendant made no offer of proof which was excluded.

"As a general rule, in order to preserve for review an objection to the exclusion of evidence, a proper question must be asked, and, on objection thereto, a proper offer must be made at the time showing what evidence will be given if the witness is permitted to answer, the purpose and object of the testimony sought to be introduced, and all the facts necessary to establish its admissibility. . . ." 4 C.J.S. p. 580, §291.

The above statement of the law is applicable in such situations. Cases to this effect from practically every jurisdiction are far too numerous to set out here. Most of them are found in the annotation following the above citation.

We conclude that the trial court properly reached a correct judgment herein.

The judgment is affirmed.

HURST, C.J., and RILEY, BAYLESS, WELCH, CORN, GIBSON, and LUTTRELL, JJ., concur.