Jay Patton BLAIR, Petitioner,
v.
FEDERAL INSULATION CO., Inc., Tri-State Insurance Company and State Industrial Commission, Respondents.

No. 36364.

Supreme Court of Oklahoma.

Dec. 7, 1954.

Paul Pugh, Oklahoma City, for petitioner.

Looney, Watts, Ross, Looney & Nichols, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Justice.

On March 27, 1953, Jay Patton Blair, petitioner herein, filed a claim for compensation with the State Industrial Commission in which he states that on December 26, 1952, while in the employ of respondent, Federal Insulation Co., Inc., he sustained an accidental injury consisting of a severe strain to his back caused by lifting a 125 pound bundle of insulation material resulting in an injury to his back with possible herniated disc causing some permanent disability to his person.

The case was assigned to a trial commissioner for hearing who at the close of the evidence in substance found: On December 26, 1952, petitioner while in the employ of respondent sustained an accidental personal injury arising out of and in the course of his employment consisting of an injury to his back; that as a result of such injury he was temporarily totally disabled from December 26, 1952, less the five day waiting period, to and including April 6, 1953, or 13 weeks, and four days for which he was entitled to compensation in the sum of $341.67, and entered an award accordingly, reserving the question as to permanent disability, if any, for future consideration. The award was sustained on appeal to the Commission en banc. On May 22, 1953, petitioner filed application to reopen the award in which he stated that he was still temporarily totally disabled and in need of further medical treatment and asked that he be allowed additional compensation for temporary total disability and that an order be entered requiring respondent to furnish him further medical treatment. The trial commissioner denied the motion and refused to allow petitioner further compensation for temporary total disability and refused to order further medical treatment. The order was sustained on appeal to the Commission en banc.

No appeal was taken by petitioner from either of these orders and petitioner concedes that the orders are now final.

On December 7, 1953, on motion of petitioner the case came on to be further heard as to the extent, if any, of permanent disability. The trial commissioner at this hearing found that petitioner had sustained no permanent disability as a result of his injury occurring December 22, 1952, and entered an order denying compensation. The order was sustained on appeal to the Commission en banc.

Petitioner brings the case here to review this order. He does not however contend that the evidence admitted is insufficient to sustain the finding and order of the State Industrial Commission. His contention is that he was denied a full, fair and impartial hearing before the Industrial Commission in that it refused to receive reports of several physicians offered by him. The objection to the introduction of the reports was based upon the fact that petitioner had already introduced the evidence of two physicians and that under 85 O.S.1951 § 27.1 he was prohibited from introducing further medical evidence. This section provides:

"Neither the claimant nor the respondent in hearings before the State Industrial Commission shall be permitted to introduce the testimony of more than two (2) physicians where the evidence of any additional physician would be cumulative testimony; provided, however, that the State Industrial Commission, of its own motion, may order that any claimant appearing before it be examined by other physicians."

The record shows that at the prior hearing for temporary total compensation petitioner offered the reports of several physicians who expressed the opinion that petitioner as the result of his injury sustained on December 26, 1952, was then temporarily totally disabled and needed further medical attention. One of these physicians, however, in a supplemental report and upon later examination of petitioner expressed the opinion that as a result of the above mentioned injury he had sustained an 80 per cent permanent partial disability to his body as a whole. These reports were re-offered and received in evidence at the present hearing.

Petitioner at the present hearing also offered in evidence the excluded reports

of the physicians above mentioned. They were excluded by the State Industrial Commission on the theory above stated. The Commission did permit petitioner to tender the reports offered for the purpose of the record. The report of only one of these physicians however appears in the record. The physician in this report states:

"Mr. Blair was examined by me on December 5, 1953, and while I am not able to have a complete written report for you at this time, I am able to form an opinion on this case.

"This man, in my opinion, is unable to actively engage in ordinary manual labor at this time. Medical treatment is strongly indicated in this case."

■ It is clear from what is stated in the report that it has no bearing whatever on the question as to whether petitioner sustained any permanent disability as a result of the accidental injury occurring on the date above mentioned and he could not therefore have been prejudiced by its exclusion.

■ Reports of the other two physicians if tendered do not appear in the record nor are we advised by the record as to what the reports would have established had they been admitted. In this state of the record we cannot say that the Commission committed prejudicial error in excluding the reports.

■ 85 O.S.1951 § 29, after providing the time and manner in which proceedings for the review of awards of the State Industrial Commission by the Supreme Court must be taken further provides:

"* * * The Commission or Commissioner shall be deemed a party to such proceeding and the Attorney General, without extra compensation, shall represent the Commission or Commissioner therein. Such action shall be subject to the law and practice applicable to other civil actions cognizable in said court. * * *"

85 O.S.1951 § 78, provides:

"The Commission or Commissioner or inspector in making an investigation or inquiry or conducting a hearing shall be required to preserve a complete record of all oral or documentary evidence considered; to any part of such evidence any party affected thereby may object, which objection shall be considered and passed on by the Commission and preserved in the record."

In Western Indemnity Co. v. State Industrial Commission, 96 Okl. 100, 219 P. 147, 29 A.L.R. 1419, this court held:

"In a proceeding before the Industrial Commission for compensation under the Workmen's Compensation Act, the manner and method of objecting to the admission or consideration of evidence, and the manner of preserving the record, in order to have the alleged error reviewed by this court, is defined in section 7319, Comp.Stat.1921 [85 O.S.1951 § 78]."

■ The general rule on appeal in civil actions is that the court will not review an alleged error consisting of the exclusion of evidence unless a proper offer of the excluded evidence is made and included in the record. Taylor v. Davis, 199 Okl. 260, 185 P.2d 444. This rule under 85 O.S.1951 §§ 29 and 78 is made applicable to proceedings brought to review an order or award of the State Industrial Commission. Western Indemnity Co. v. State Industrial Commission, supra.

Respondent offered the reports of several physicians who stated that petitioner sustained no permanent disability as a result of the accident occurring on the date above mentioned. A physician selected by the trial commissioner who examined petitioner in his report likewise so states.

Since counsel for petitioner in his brief does not contend that the evidence admitted is insufficient to sustain the finding and order of the Commission we deem it unnecessary to further discuss the evidence.

Petitioner further contends that section 27.1, supra, is unconstitutional. The view taken renders it unnecessary to pass upon that question in this case.

Order sustained.