**Leroy BARBE, Plaintiff in Error,**

v.

**Jerry BARBE, Defendant in Error.**

**No. 39729.**

Supreme Court of Oklahoma.

Oct. 16, 1962.

Rehearing Denied Jan. 29, 1963.

Walter Hubbell, Hugh F. Fitzsimons, Walters, Funston Flanagan, Walters, of counsel, for plaintiff in error.

Butler, Rinehart & Morrison, Oklahoma City, for defendant in error.

BERRY, Justice.

The parties, who appear here in the same relative position as in the trial court, will be referred to herein as they appeared in said court.

In so far as material, plaintiff alleged in his petition that he was assisting his brother Worley in constructing a concrete cellar at the latter's home; that defendant, who also is plaintiff's brother, furnished the tractor and concrete mixer used in the construction work; that the mixer was operated by a drive shaft connected with the power take-off on the tractor and the mixer; that while working near mixer, plaintiff's clothing became engaged in shaft which caused him to be cast violently to the

ground and resulted in painful, serious and permanent bodily injuries.

Plaintiff alleged that defendant was under a duty to furnish safe machinery with which to perform the construction work; that defendant breached said duty in that the drive shaft and joint thereto was not covered with a shield, and the universal joint connecting the shaft to the mixer was worn and loose, which caused the joint "to expand and become rough and irregular in shape when in operation"; that defendant's negligence in said particulars was the proximate cause of plaintiff's injuries.

In his amended answer defendant denied generally the material allegations of plaintiff's petition. As an affirmative defense defendant pleaded that the proximate cause of plaintiff's injuries was negligence and want of care on plaintiff's part; that if defendant were negligent, which was denied, plaintiff "was guilty of negligence which either caused or contributed to the happening of" the accident; that the accident was unavoidable.

The jury to whom the case was tried returned a verdict in defendant's favor. From order of the trial court denying plaintiff's motion for new trial which was directed to judgment on the verdict, plaintiff perfected this appeal.

Plaintiff here contends that the verdict is not supported by and is contrary to the evidence; that the trial court erred in refusing to admit competent and material testimony; that said court also erred in giving certain instructions and in refusing to give instructions requested by plaintiff. The contentions so made are countered by defendant.

The pertinent evidence bearing upon the issues presented by this appeal can be summarized as follows:

At the time of the accident, the tractor and mixer were being used in constructing a cellar at the home of Worley, who was present and assisting in the construction work as was defendant and plaintiff. Motive power for operation of the mixer was furnished by a tractor, which power was transmitted to the mixer by a shaft connected with the power take-off on the tractor. The tractor and mixer were owned by plaintiff's father. However, for several years prior to the accident a measure of control of the mixer rested in defendant during which time defendant "was free to use it for anything he saw fit" but the mixer was also at Worley's "disposal". The tractor and mixer were kept at the father's home which was also defendant's home. In the early 50's the father had constructed the shaft and joint which connected it to the mixer. The shaft was constructed from a Model T Ford Shaft which was welded to the joint. From date of construction to date of accident the mixer had been used many times. During such use the shaft and joint had operated satisfactorily. It appears that a protective shield for the shaft and joint was not provided until after the accident in controversy. Worley apparently obtained defendant's consent to use the tractor and mixer and defendant assisted Worley in moving same to Worley's home. Defendant also assisted Worley in placing the tractor, shaft and mixer in a position where the mixer would operate.

Plaintiff, defendant and Worley followed the practice of exchanging work. It was understood between Worley and plaintiff that if the latter would assist the former in constructing the cellar, Worley in turn would assist plaintiff in doing concrete work at plaintiff's home.

It appears that the tractor, shaft and mixer were ready for operation at the time plaintiff arrived at Worley's home to assist in constructing the cellar. One of the tasks assigned plaintiff was to pour mixed concrete from the bowl on the mixer. In performing this task, it was necessary for plaintiff to stand approximately one foot from the shaft. While so engaged, the shaft at point where welded to the joint either broke striking one of plaintiff's legs or plaintiff assumed a position so near the shaft that one of his legs came in contact with the shaft. In either event, plaintiff's clothing and members of his body became engaged in the shaft which resulted in the

plaintiff's being seriously and permanently injured.

Plaintiff's contention that the verdict is not supported by and is contrary to the evidence, is predicated largely upon the proposition that there is no evidence from which the jury could properly have concluded that plaintiff was guilty of contributory negligence.

▮ As we read and understand the record, there was evidence to the effect that during the time that plaintiff's clothing and body were engaged with the shaft, the mixer was operating. If this be true, the jury could have been justified in concluding that the shaft did not break prior to plaintiff's coming in contact with it and that plaintiff, in pouring concrete from the mixing bowl assumed a position so near the shaft that his clothing was caught in the rapidly revolving shaft which caused the shaft to break; that probably this constituted contributory negligence on plaintiff's part which was the proximate cause of the accident and served to defeat plaintiff's asserted cause of action. In Public Service Company of Oklahoma et al. v. Sanders et al., Okl., 362 P.2d 90, it was said in the second paragraph of the syllabus that "The law will not weigh or apportion the concurring negligence of plaintiff and defendant. There can be no recovery by a plaintiff who has been found guilty of contributory negligence."

Plaintiff's contention that the trial court erred in refusing to admit competent and material testimony is based upon said court sustaining objections to questions propounded by plaintiff's counsel as to whether the shaft should have been protected by a shield and could it have been so protected without detracting from the efficiency of the mixer.

▮ Objections to the questions were apparently sustained upon the grounds that plaintiff had failed to show that the witnesses to whom the questions were propounded were qualified by education, training or experience to answer same. Plaintiff argues that such was not the case. This is a question that we need not decide. Plaintiff failed to make a tender of proof as to the evidence which would have been adduced had the court permitted the witnesses to answer the questions. In brief, plaintiff in effect urges us to assume that the answers would have been favorable to him. It is not our privilege to so assume. In Hudson et al. v. Blanchard, Okl., 294 P 2d 554, 561, this was said:

> "* * * In Taylor v. Davis, 199 Okl. 260, 185 P.2d 444, paragraph 2 of the syllabus states:
>
> "'As a general rule, the exclusion of evidence in the trial court will not be reviewed on appeal unless a proper offer of the excluded evidence is made and included in the record.'
>
> "See also 4 C.J.S., Appeal and Error § 291b, and cases collected in the foot notes."

See also Regier v. Hutchins et al., Okl., 298 P.2d 777.

▮ Plaintiff asserts that the trial court erred in giving an instruction relative to the effect of possible contributory negligence on plaintiff's part. Plaintiff contends that there is no evidence tending to show that he was guilty of contributory negligence. We are unable to agree. As heretofore pointed out, there was evidence that the mixer was operating after plaintiff came in contact with the shaft, therefore, evidence that the shaft did not break until after plaintiff came in contact with it.

Plaintiff also complains further of an instruction given in which the trial court in effect defined the phrase "furnisher of machinery". Plaintiff points to that portion of the instruction to the effect that "In contemplation of law, a furnisher of machinery is one who with ownership in or dominion and control over said machinery, permits other to use the same. It would be for the jury to say, under the facts in this case, whether the defendant, Jerry Barbe, furnished the machinery in question."

Plaintiff urges that "the positive undisputed and uncontradicted testimony in this

case, by the defendant himself, as well as by plaintiff's witnesses, shows conclusively that the defendant had an ownership in and dominion and control over said machinery and that he furnished the same to be used on the job. Under said evidence, there was no question of fact to be decided by the jury in that respect. And therefore, the giving of said instruction was fundamentally erroneous."

There is no dispute but that the mixer was owned by plaintiff's and defendant's father. While defendant testified that he was "free to use (the mixer) for anything he saw fit", he also testified "it was at (his) disposal, just like it was at Worley's if he wanted to use it".

■ One of the definitions given the word "disposal" is "the power or authority of disposing of or use at one's convenience." See Webster's Third New International Dictionary. We are inclined to believe that in using the word "disposal" in the quoted testimony, defendant intended to say that Worley and he were free to use the mixer as they wished. Since such right rested in Worley, did he in using the machine exercise the right or the comparable right resting in defendant? To our way of thinking, under the facts this posed a question for the jury. For said reason we are of the opinion that the trial court did not err in instructing the jury as it did on the issue of who, in fact, furnished the mixer.

Plaintiff also asserts that the trial court erred in giving an instruction to the effect that if the jury found that the shaft broke before plaintiff came in contact with it, the plaintiff could not recover unless defendant knew of or by the exercise of ordinary care should have known of the defect which caused the break; that defendant could not be held liable for any defect that would not have been disclosed by an "ordinarily careful inspection" on his part.

Plaintiff contends that since defendant furnished the mixer, it was his duty to exercise proper diligence and learn whether the shaft, which plaintiff asserts was imminently dangerous, was safe; that such

was defendant's duty whether the shaft broke before or after plaintiff came in contact with it.

■ There was no direct evidence tending to show that the shaft was defective. If the shaft broke before plaintiff came in contact with it, therefore, broke under normal operating conditions and while being used for the purpose intended, an inference would arise that the shaft was defective and that the defect may have been the proximate cause of plaintiff's injuries. On the other hand, if the shaft did not break until plaintiff came in contact with it, the shaft cannot be said to have broken while being used for the purpose intended. It appears that one furnishing imminently dangerous machinery is liable for an injury resulting from a defect therein only where the injury occurs from a normal and contemplated use thereof. See Magnolia Petroleum Co. et al. v. Angelly, Okl., 306 P.2d 309, 315, and Larrimore v. American Nat. Ins. Co., 184 Okl. 614, 89 P.2d 340. It is stated in the last cited opinion that one furnishing a dangerous article is not chargeable with knowledge that an injury may result from an unexpected use of the article.

■ As we read the complained-of instruction, the sense thereof is that if the shaft broke under normal operating conditions and while being used for the purpose intended, the rule that defendant was under a duty to inspect same was brought in play, otherwise the rule was inapplicable. We are therefore of the opinion that giving of the instruction was harmless error.

The trial court instructed the jury in part "that the law requires that a person who furnishes machinery for the use of others assumes a duty to furnish reasonably proper and reasonably safe machinery; and the furnisher of machinery may be held to respond in damages to one lawfully using said machinery who is injured, because of his failure to exercise proper diligence in seeing that said machinery is reasonably safe."

■ Plaintiff offered instructions, which the trial court declined to give, stating in substance the rule stated in the last quoted

matter and the proposition that the rule is applicable to one who does not receive the machinery, therefore, to plaintiff.

The instruction as given, in our opinion, correctly states in a general way the law as set forth in the requested instruction. For said reason, we are of the opinion that in declining to give the requested instructions under the facts of this case, the trial court did not err.

Affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, HALLEY, JOHNSON and IRWIN, JJ., concur.

JACKSON, J., dissents.