**MIDWEST SCALE COMPANY and Mid-Continent Casualty Company, Petitioners,**

**v.**

**Richard Gordon ENGLAND and the State Industrial Court, Respondents.**

**No. 41595.**

Supreme Court of Oklahoma.

Feb. 15, 1966.

Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, for petitioners.

Patrick Brown, Charles Nesbitt, Atty. Gen., Oklahoma City, for respondents.

HODGES, Justice.

On November 25, 1964, Richard Gordon England, claimant, sustained an accidental injury to his back which arose out of and in the course of his employment with Midwest Scale Company. Employer and its insurance carrier, Mid-Continent Casualty Company, who will be hereinafter referred to as petitioners, paid compensation to claimant on the basis of temporary total disability extending from the date of the accident to December 30, 1964.

A hearing was thereafter held by the State Industrial Court on the claim of claimant for additional medical and temporary total disability benefits. The claim was denied on February 15, 1965. A hearing was then held on April 1, 1965, on the question of the extent of claimant's permanent disability, if any. On May 18, 1965, a trial judge of the State Industrial Court entered an order finding that claimant had sustained permanent partial disability on the basis of 35 per cent to the body as a whole. The order was affirmed on appeal by the court en banc.

This is an original action by petitioners for review of the order and for reversal of the same they advance the following three propositions:

"1. It was error on the part of the court to refuse to allow respondents to introduce into evidence and show motion pictures of the claimant.

"2. The medical evidence was improperly introduced, and insufficient to sustain the trial judge's order.

"3. The respondent was deprived of an orderly hearing in this matter, and was not given fair opportunity to present evidence."

Propositions one and three will be considered together since they pertain to the same complaint of error.

The record discloses that near the end of the hearing on the question of permanent disability counsel for the petitioners indicated that he would like to show some motion pictures to the court. Upon inquiry by the court as to whether the motion picture film would have any probative value in the case, counsel stated that he had not viewed the film and was unaware of its content, but would offer it "for impeachment purposes". The court then recessed for lunch. Following this recess, the case was submitted by the court without objection and without further reference to the motion picture film.

Petitioners now complain that they were deprived of a "fair and impartial" hearing in that they did not get the motion pictures into evidence and that it was error for the trial court to exclude this evidence.

In civil actions the general rule is that the exclusion of evidence in the trial court will not be reviewed on appeal unless a proper offer of the excluded evidence is made and included in the record. Taylor v. Davis, 199 Okl. 260, 185 P.2d 444. This rule under 85 O.S.1961 §§ 29 and 78 is made applicable to proceedings brought to review an order or award of the State Industrial Court. Blair v. Federal Insulation Co., Okl., 277 P.2d 687. These cited sections also require that a complaining party must object to rulings of the trial judge concerning the admission and consideration of evidence to preserve alleged errors for appellate review. Western Indemnity Co. v. State Industrial Commission, 96 Okl. 100, 219 P. 147, 29 A.L.R. 1419.

■ In the instant case, a proper offer of the excluded evidence was not made. The record indicates only that the motion picture film was offered by petitioners for impeachment purposes. The subject matter of the film, the nature and extent of the purported· impeachment, and the facts necessary to establish admissibility of the film were not offered into the record. Counsel for the petitioners stated that he was unaware of the contents of the film at the time it was offered. Later, after a recess for lunch, during which counsel had the opportunity to learn the contents of the film, he interposed no objection to the submission of the case. In fact the record is barren of any objection by the petitioners to the failure of the lower court to view the motion pictures.

After a careful perusal of the record we find that there is no showing that a fair and impartial hearing was not accorded petitioners and that by their failure to properly offer the motion pictures into evidence and by their failure to preserve the record by objecting to the exclusion of the motion pictures, they are now precluded from raising this question on appeal.

■ Petitioners contend the medical evidence is incompetent to sustain the award. The finding of the lower court was that the claimant had sustained a 35% permanent partial disability to his body as a whole.

Claimant introduced into evidence the written medical reports of Dr. R dated March 18, 1965, and April 1, 1965.

In his March 18, 1965, report Dr. R stated that in his opinion claimant was "100% temporarily disabled in the performance of manual labor." In his April 1, 1965, report he stated it was his opinion that claimant had sustained a 50% permanent disability to the body as a whole. Petitioners argue these reports are inconsistent, therefore they are incompetent medical evidence.

We do not agree, Dr. R's last report, that of April 1, 1965, is definite, unequivocal and certain in that he feels claimant had 50% permanent partial disability to the body as a whole as a result of the accidental injury. In his March 18, 1965, report he states "Mr. England certainly sustained permanent disability as a result of his accident of 11–25–64." There is no inconsistency between the two reports as to claimant having suffered permanent disability.

This court is firmly committed to the rule that a physician's opinion need not be given in categorical terms nor in the precise language of the statute to be competent. Blackwell v. Special Indemnity Fund, Okl., 398 P.2d 665; Holliman Drilling Co. v. Harrell, Okl., 397 P.2d 148; Woodward & Company v. State Industrial Commission, Okl., 349 P.2d 638; Skelly Oil Co. v. Admire, Okl., 293 P.2d 349.

We therefore hold that the opinion by Dr. R was competent medical evidence and sufficient to support the award made to claimant by the State Industrial Court.

Award sustained.