**Geneva PIERCE, Plaintiff in Error,**

v.

**AVON PRODUCTS, INC., a New York Corporation, Defendant in Error.**

**No. 40984.**

Supreme Court of Oklahoma.

Nov. 29, 1966.

Rehearing Denied Jan. 31, 1967.

Jack B. Sellers, Sapulpa, Johnson, Fisher & LeDonne, Tulsa, for plaintiff in error, Joe A. Moore, Memphis, Tenn., of counsel.

Rhodes, Crowe, Hieronymus, Holloway & Wilson, Philip N. Landa, Tulsa, for defendant in error.

PER CURIAM:

The parties will be referred to as they appear in the court below. Geneva Pierce, the plaintiff, alleged and testified that she purchased the two products in question in December of 1960 and January of 1961 from the agent of the defendant, who had informed her that the products, bath oil and body lotion, were good for use on dry skin conditions; that the plaintiff had not previously been troubled with a skin rash on her legs, arms and face; that she used the products obtained from the defendant, as directed; that there was no warning or caution label of any kind on either bottle; that she developed a small rash on her right

leg in February of 1961; that subsequently she was treated by her family physician with good results, but that on April 13, 1961, her legs began to break out again, and within a few days the rash spread to her arms and face; that the rash was extremely painful and caused a burning sensation; that she was treated by a dermatologist and was hospitalized for approximately three weeks. A summary of a portion of the testimony indicates that the plaintiff was gainfully employed; that she missed considerable work as the result of this rash; that she had taken medication for a blood condition in 1957; that her daughter used a small amount of the bath oil without harmful results, and that the products were later returned to the defendant's agent.

The plaintiff in error has submitted, on her appeal, three propositions of law: One, that the trial court erred in submitting the issue of contributory negligence to the jury. Two, that the trial court erred in refusing to request the disclosure of the formula of the products. Three, the court erred in allowing hearsay evidence into the record on behalf of the defendant. We will consider these three propositions in the order set forth.

## PROPOSITION NO. 1: THE COURT ERRED IN SUBMITTING THE ISSUE OF CONTRIBUTORY NEGLIGENCE TO THE JURY.

Plaintiff testified that she ordered the defendant's cream lotion in January of 1961; that it was delivered to her within a month when she commenced using it. The use of the cream lotion consisted of massaging the lotion on her legs and arms. In February of 1961 she developed a rash on her right leg and continued using the cream until the 13th of April, when her legs began to break out again. We believe it important to recite a portion of the testimony given by the plaintiff in this connection.

"Q. Now, when you purchased the bath oil—and I'm speaking of the time around January 15th—

A. Yes.

Q. —of '61.

A. Yes, sir.

Q. And you used it how often?

A. Oh, about three times a week. Three or four times; no more than that.

Q. And then, around the 1st of February you received the body lotion. Is that right?

A. That is right.

Q. And you used it all the time?

A. When I took a bath, yes.

Q. And then, it wasn't until around the 20th of February that you had the first little rash, is that right?

A. It was a small spot on my leg; didn't last but a day or two.

Q. But you did associate that with the bath oil and cream lotion, did you not?

A. I don't know what else."

Plaintiff thus testified that she did not know what else to attribute this rash to except for the defendant's products. Plaintiff further testified in response to a question, as follows:

"Q. Now, you let the first rash, in February, clear up, and then began using the two products again. Is that correct?

A. Yes, sir."

In Barbe v. Barbe, Okl., 378 P.2d 314, the defendant pleaded contributory negligence of the plaintiff. The court submitted the issue to the jury, by proper instruction, and the jury returned a verdict for the defendant. On appeal they contended, as plaintiff does in the case at bar, that there was no evidence of contributory negligence to justify the submission of the issue of contributory negligence to the jury. This court said:

"As we read and understand the record, there was no evidence to the effect that during the time that plaintiff's clothing

and body were engaged with the shaft, the mixer was operating. If this be true, the jury could have been justified in concluding that the shaft did not break prior to plaintiff's coming in contact with it and that plaintiff, in pouring concrete from the mixing bowel assumed a position so near the shaft that his clothing was caught in the rapidly revolving shaft which caused the shaft to break; that probably this constituted contributory negligence on plaintiff's part which was the proximate cause of the accident and served to defeat plaintiff's asserted cause of action * * *

"Plaintiff asserts that the trial court erred in giving an instruction relative to the effect of possible contributory negligence on plaintiff's part. Plaintiff contends that there is no evidence tending to show that he was guilty of contributory negligence. We are unable to agree. As heretofore pointed out, there was evidence that the mixer was operating after plaintiff came in contact with the shaft, therefore, evidence that the shaft did not break until after plaintiff came in contact with it."

■■■ We believe this to be an accurate statement regarding an instruction concerning contributory negligence, and we are unable to agree with the plaintiff in error, in the case at bar, that the testimony given by the plaintiff herself would not raise the issue of contributory negligence, and consequently the jury, in their deliberation, could properly consider the contributory negligence of the plaintiff in resuming the use of the products complained of, after having determined that it was the cause of the rash, and we, therefore, hold that in a proper case where there is any evidence, regardless of whether it is the evidence of the plaintiff, or of the defendant, from which the jury may find contributory negligence that the issue must be submitted to the jury by proper instruction. And, in the case at bar, we find that the trial court properly instructed the jury in this regard, by its instruction number 10.

PROPOSITION NO. 2: THE COURT ERRED IN REFUSING TO REQUIRE DISCLOSURE OF THE FORMULA OF THE PRODUCTS IN QUESTION.

In reviewing the transcript we are unable to find where the plaintiff made a demand for the disclosure of the formula prior to the time of trial, except that a question was asked on the taking of a deposition concerning the ingredients of the product. The response was that this is a Company secret. "Do you want me to divulge it?" To which response the witness was advised, "Not the formula, we are talking about the ingredients." The witness then proceeded to give the ingredients.

At the time of trial counsel for the plaintiff asserted that all he wanted was the record to show that the defendant refused the formula, whereupon, it was stipulated that the formula had been refused.

■■ The deposition above referred to was taken in New York City on May 10, 1963. The actual trial of the case occurred in October, 1963, some five months after the deposition was taken. Nothing transpired between the time of taking of the deposition and the time of trial. The plaintiff did not ask for a continuance of the case so she could by depositions, interrogatories, pretrial or other means furnish the trial court with such evidence that would afford the court some discretion in its ruling on the matter. In our opinion, under the facts herein, this particular objection was waived. See 17 A.L.R. Annotation, beginning at page 385.

The cases relied on by plaintiff are cases where the trial court had an opportunity from evidence to use its discretion as to whether the trade formula should be required to be produced.

PROPOSITION NO. 3: THE COURT ERRED IN ALLOWING HEARSAY EVIDENCE INTO THE RECORD ON BEHALF OF THE DEFENDANT.

■ Plaintiff in error asserted that the testimony of Charles J. Terriere, who testi-

fied by a deposition, that he had, for approximately 20 years, been employed by defendant, as manager of technical services, and in that capacity, among other things, he had charge of all claims involving defendant's products. He further testified as to certain figures beginning in 1958 through 1962 wherein he referred to a written memorandum where it is asserted, and we are convinced that the witness testified from his own knowledge, using the memorandum to refresh his memory. In the case at bar the memorandum was not offered into evidence, and the witness' testimony was as to specific numbers rather than estimates which most certainly he could have given from his own knowledge. Suffice it to say we do not find this to be reversible error. If error at all it is harmless and not shown to be prejudicial. 12 O.S. 1961, § 78.

The evidence disclosed that plaintiff had been suffering from a blood clot and thrombophlebitis and had been taking blood-thinner medicine for some time prior to her purchase of the products from the defendant Company. The jury could have considered this evidence to determine that the use of the products of the defendant was not the cause of plaintiff's condition.

Plaintiff in error asserts that the plaintiff had failed to have her day in court. With this we cannot agree—neither can we agree that there were prejudicial errors in rulings of the court. From a full reading of the case made we believe that the issues were fairly presented to the jury. The judgment of the trial court is affirmed.

This court acknowledges the services of ROBERT B. PARK, who with the aid and counsel of OWEN VAUGHN and WALT ALLEN, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the court. THE CHIEF JUSTICE then assigned the case to a member of the court, for review and study, after which and upon consideration by the court the foregoing opinion was adopted.