**Lester Lee JONES, Petitioner,**

**v.**

**Ben F. COLE and Lyndall Keltner d/b/a Cole's Upholstery and the State Industrial Court of the State of Oklahoma, Respondents.**

**No. 43375.**

Supreme Court of Oklahoma.

Jan. 6, 1970.

Rehearing Denied and Supplemental Opinion Filed March 17, 1970.

Richard James, Stroud, for petitioner.

Erwin & Erwin, Chandler, G. T. Blankenship, Atty. Gen., for respondents.

JACKSON, Justice.

The State Industrial Court found and held on conflicting evidence that the relationship of employer and employee did not exist at the time of claimant's accident and denied claimant's claim for compensation. Claimant, Lester Lee Jones, petitions this court for review urging that the trial court erred in permitting Respondent, Cole, doing business as Cole's Upholstery, to file his answer out of time on the day of trial contrary to the provisions of 85 O.S.Supp. 1967, Chapter 4, Rule 10, and erred in holding that claimant was not an employee of respondent at the time of the accident.

The facts show that claimant had been an employee of Cole's on a former occasion. Claimant desired to learn the furniture

"finishing" business and after working in Oklahoma City for a period of time learning that business approached Cole for reemployment. As hereinafter shown, an arrangement was entered into and claimant went to work in Cole's Upholstery in May, 1966. He was injured on July 9, 1966, when the truck he was driving for Cole's Upholstery overturned. His claim was filed on March 21, 1967, and respondent's answer was not filed until the day of trial, September 7, 1967.

When respondent requested leave to file his answer the trial judge noted that it was out of time under Rule 10, supra. Claimant did not agree to the filing of the answer out of time and objected to it, but insisted that the court proceed with the hearing. The trial judge stated "if it won't jeopardize your position in the matter, I will overrule the objection to the filing of the Answer out of time, allow an exception, and permit the Answer to be filed at this time. But, under our rules (Rule 10, supra), the only issue becomes the nature and extent of the disability. With that in mind we will proceed."

The case was tried by both claimant and respondent upon the theory that claimant would be required to establish the employer-employee relationship, notwithstanding Rule 10, supra, which provides that "Failure to file an answer (within 10 days from the date of filing of the claim) admits all of the allegations set out in the claim except the nature and extent of disability." Under the circumstances here presented and the acquiescence of claimant in the conduct of the trial we are unable to say the trial court erred in relaxing the rule in permitting the answer to be filed out of time. Dye v. Ed Johnston Grain Company, Okl., 319 P.2d 1004.

It is agreed that the employment arrangement was made between claimant and the respondent, Cole. It is also agreed that Cole carried no compensation insurance and that the trial court correctly held in favor of respondent, Mrs. Keltner, because the evidence failed to disclose she had any interest in Cole's Upholstery at the time of the accident.

The decisive question is whether the State Industrial Court erred in concluding from conflicting evidence that claimant was not an employee of Cole's Upholstery.

This court has held where the relationship of employer and employee forms a disputed issue on review the Supreme Court will weigh the evidence contained in the record and undertake an independent evaluation of both law and facts to establish the presence or absence of such relation. Dodd v. Rush, Okl., 406 P.2d 261; Brewer v. Bama Pie, Inc., Okl., 390 P.2d 500; Williams v. Branum, 192 Okl. 129, 134 P.2d 352.

Claimant testified that under his agreement with Cole he was paid approximately One Dollar and Seventy-five cents ($1.75) an hour; that he was paid on a weekly basis, and he thought it was Seventy-Five ($75.00) per week. He worked eight hours per day for five and one-half days each week. Claimant further testified that Cole's Upholstering repaired, upholstered, and refinished furniture. That he worked in each of the departments and that on the day of the accident he was returning to the shop after delivering upholstered furniture at Mr. Cole's request.

Mrs. Keltner, a daughter of respondent, called as a witness by respondent, testified that she was a real estate broker but that between May and July, 1966, she worked at the shop because her father "didn't— I did a lot of upholstering because he didn't have anyone else to do it." On cross examination she identified five cancelled checks she had in her possession made payable to the claimant. She identified two or three as being executed by her for her father. She remembered writing one check for claimant and asked claimant how much it was and "I wrote it according to what he said."

The checks, identified by Mrs. Keltner, payable to claimant, and introduced by claimant, are identified as to dates and amounts (and purpose where indicated) as follows:

| DATE | AMOUNT | PURPOSE |
|------|--------|---------|
| June 11, 1966 | $143.70 | |
| June 20, 1966 | $123.54 | For chemicals |
| June 25, 1966 | 71.85 | |
| July 7, 1966 | 63.15 | Gas. Dep. 15.00 |
| July 12, 1966 | 71.85 | |

Mr. Cole in testifying for himself as respondent, testified concerning the employment agreement with claimant as follows:

"He (claimant) wanted the upholstering shop. I don't mean, upholstering shop, the refinishing. And, naturally, he wanted to go under a salary basis, and I told him. I wouldn't consider that at all —that I might make arrangements with him and lease him the equipment back there in the shop, and the necessary equipment to do refinishing, and the chemicals. I would also furnish the pickup for him to pick up and deliver with it. But he made his own estimates. He picked up, and refinished, and delivered, and collected the money for it. And that was his business back there."

"He was getting sixty percent of that, and I was getting forty."

Mr. Cole further testified that he advanced money to claimant but paid him no salary. That when claimant obtained orders for refinishing and collected the money, the money would be turned over to Cole's Upholstery and claimant would be paid his percentage. He identified five work orders claimant had received during the period May–July 9, 1966, totaling $123.50. He found no other orders or "things" in the office relating to what claimant did during the period May–July 9, 1966. He never furnished claimant a statement of the percentages that were due him "but he got it" (the percentages). "We had it on the books." He further testified that no "withholding" was taken from what he loaned claimant and that no social security was withheld.

Claimant states in his brief that in 1966 the social security tax that the employer was required to take out of an employee's wages was 4.2%. He notices that if respondent had deducted 4.2% from claimant's $75.00 weekly salary checks that claimant would have received a check each week for $71.85. That for two weeks his check, less social security, would have been $143.70. It appears significant that the amount of the "advancements" or "loans" that respondent claims to have made to claimant were in those exact amounts. If Mrs. Keltner wrote the checks in those amounts at the direction of claimant, as she testified in regard to one check, then it seems apparent that social security was deducted. Her testimony does not explain why social security was apparently deducted from other weekly payments. Claimant states in his brief that this argument was not presented to the trial court. If, as Mrs. Keltner testified, she wrote the check "according to what he (claimant) said" it is apparent that claimant was representing prior to the time of the accident that he was entitled to $75.00 per week, less social security.

As noticed earlier in our statement of the issues, the respondent was aware before the trial of the case that he was contesting the employer-employee relationship. Yet he was not able to present written evidence that claimant during the period May–July 9, 1966, had obtained more than $123.-

50 in "refinishing" orders. Claimant's 60% of that amount would have been $74.10 that he received for his labors for approximately two and one-half months. Mr. Cole did not introduce his book-account of his financial relations with claimant, and did not introduce any cancelled checks in payment of claimant's percentage. He did not testify how claimant was paid, though he did testify "We had it on the books."

The agreement, as explained by Mr. Cole, did not require claimant to work in the upholstery department or pick up and deliver for the upholstery department. His testimony was that claimant worked at his pleasure in the upholstering department to learn upholstering, but he did not testify that driving a truck to deliver furniture, upholstered by respondent, was a part of that agreement.

■ We are of the view that the evidence preponderates in favor of claimant, and so hold.

The order of the State Industrial Court denying claimant compensation benefits is vacated with directions to enter an order that claimant on the date of the injury for which compensation benefits were sought was an employee of respondent and to proceed with further hearing of this cause in a manner not inconsistent with this opinion.

All the Justices concur.

## SUPPLEMENTAL OPINION

LAVENDER, Justice.

■ Since the promulgation on January 6, 1970, of this court's opinion in this matter (which reversed the order of the Industrial Court), the petitioner filed herein his verified statement of costs paid by him in prosecuting his appeal to this court and prayed that such amounts be assessed as costs and allowed in his favor. Said costs, consisting of $50.00 paid to the Clerk of the Supreme Court as a cost deposit and $100.00 paid to a court reporter for the preparation of the record in this matter, are properly allowable. Title 12 O.S.1961, § 978. Said Section 978 is made applicable to judgments or final orders of all courts of record of this state by Title 12 O.S. 1961, § 984.

Title 85 O.S.1961, § 91(b) provides:

"The State Industrial Court is hereby designated and confirmed as a court of record, with respect to any matter within the limits of its jurisdiction, and within such limits the judges thereof shall possess the powers and prerogatives of the judges of the other courts of record of this state."

Western Indemnity Co. v. State Industrial Commission (1923), 96 Okl. 100, 219 P. 147, 29 A.L.R. 1419, cited by respondents, is inapplicable. In that case we observed, in reference to the allowance *by the Industrial Commission* of the expense of a referee appointed by the Commission:

" * * *. We know of no law or statute that authorizes the Commission to tax such costs to the respondent or insurance carrier. * * *."

We hold that by virtue of the above statutes the costs mentioned therein are allowable in this court to the same extent as similar costs would be allowable in an appeal from the district court (or any other court of record) of this state.

It is therefore ordered that petitioner (claimant in the Industrial Court) be allowed an award in the sum of $150.00 representing $50.00 cost deposit in this court to commence this proceeding and $100.00 as the cost of preparing the record for review in this court. It is further ordered that said sum of $150.00 shall be collectible in the same manner as provided by law for the collection of awards of the Industrial Court.

All the Justices concur.